UNITED STATES of America

v.

**Walter Lefight CHURCH, Defendant.**

**No. 1:00CR00104.**

United States District Court, W.D. Virginia, Abingdon Division.

Sept. 5, 2002.

---

Thomas J. Bondurant, Jr., Anthony P. Giorno, Office of the United States Attorney, Roanoke, Virginia, for United States of America.

James C. Turk, Jr., Stone, Harrison & Turk, P.C., Radford, Virginia, Beverly M. Davis, Davis, Davis & Davis, Radford, Virginia, for defendant.

## OPINION AND ORDER

JONES, District Judge.

In this capital case, the government has obtained from the grand jury a Fourth Superceding Indictment against the defendant. The essential difference between the Third Superceding Indictment and the Fourth Superceding Indictment is that the latter adds the statutory and non-statutory aggravating factors upon which the government will rely in requesting the death penalty should the defendant be convicted.

The government has sought this superceding indictment as a result of the Supreme Court's recent decision in *Ring v. Arizona*, — U.S. ——, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), in which the Court held that a state statute allowing the judge alone to determine that the defendant should be sentenced to die was unconstitutional as violative of the Sixth Amendment's right to a jury trial. While it was not at issue in *Ring*, the government is concerned that the Indictment Clause of the Fifth Amendment may be held to require death penalty aggravating factors to be included in the indictment.

In response to the Fourth Superceding Indictment, the defendant has filed a motion to dismiss the portions of the indictment charging the aggravating factors and to strike the government's Third Amended Notice of Intent to Seek the Death Penalty.[1] The defendant urges that the death penalty may not be sought because 21 U.S.C.A. § 848 (West 1999)—the death penalty statute in this case—does not contemplate grand jury involvement in the death penalty charging process; that *Ring* and its antecedent Supreme Court cases require such involvement; and that only Congress may act to "cure the problem." (Def.'s Br. at 8.) Until Congress so acts, the defendant argues, there is no lawful authority for the death penalty to be imposed under the statute.

■ I previously ruled in this case, prior to the *Ring* decision, that the indictment was not required to contain the aggravating factors and that § 848 was constitutional even though it did not require the grand jury to charge such aggravating factors. *See United States v. Church*, No. 1:00CR00104, 2002 WL 229700, at *1 (W.D.Va. Feb.11, 2002);

---

1. I granted the government leave to file this amended notice following the return of the Fourth Superceding Indictment. *See* 21 U.S.C.A. § 848(h)(2) (West 1999) (notice of death penalty may be amended for good cause shown).

*United States v. Church,* No. 1:00CR00104, 2001 WL 1661706, at *4–6 (W.D.Va. Dec.27, 2001). Presumably because the Fifth Amendment right to indictment does not apply to the states, Ring made no claim in his case that his indictment was defective. *See Ring,* 122 S.Ct. at 2437 n. 4. While I adhere to my earlier views, the question is not free from doubt, particularly since the Supreme Court remanded a case upon which I relied, *United States v. Allen,* 247 F.3d 741, 761–64 (8th Cir.2001), for further consideration in light of *Ring. See Allen v. United States,* —— U.S. ——, 122 S.Ct. 2653, 153 L.Ed.2d 830 (2002).

■ Even assuming, however, that a grand jury indictment charging the death eligibility aggravating factors is now necessary, I disagree with the defendant's position that the death penalty statute as presently written is unconstitutional.

■ It is true that § 848 does not expressly provide for grand jury involvement in the death charging process. But nothing in the statute is inconsistent with such a role for the grand jury. I must indulge "every reasonable construction ... in order to save a statute from unconstitutionality." *Hooper v. California,* 155 U.S. 648, 657, 15 S.Ct. 207, 39 L.Ed. 297 (1895). I cannot assume that Congress intended to forbid the grand jury from making the findings contained in the present indictment. Certainly nothing in the plain language of the statute leads to that conclusion.

It has been similarly argued that the drug trafficking penalty statute, 21 U.S.C.A. § 841(b) (West 1999 & Supp. 2002), is unconstitutional following *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because it does not require jury determination of drug quantity, as required by *Apprendi.* That contention has been rejected. *See, e.g., United States v. McAl-* *lister,* 272 F.3d 228, 232–33 (4th Cir. 2001). Section 841 is silent as to whether the drug quantity amounts must be alleged in the indictment and proven to the jury. Nevertheless, "the mere fact that the statute is silent regarding whether sentencing factors must be treated as elements in order for those factors to increase the defendant's statutory maximum sentence does not make the statute inconsistent with the constitutional requirement that those factors receive that treatment." *Id.* at 233.

The role of the grand jury is largely undefined in federal statutory law. No statute or rule of procedure restricts the ability of a grand jury to make the findings that it did in this case. It would be unwarranted to hold that the death penalty statute by implication circumscribed the authority of the grand jury to determine that the defendant was eligible for the death penalty by virtue of the circumstances of his case.

For these reasons, it is **ORDERED** that the defendant's motion (Doc. No. 599) is denied.