**UNITED STATES of America Plaintiff,**

v.

**Hector Oscar ACOSTA–MARTINEZ, Joel Rivera–Alejandro Defendants.**

**No. CIV. 99–044(HL).**

United States District Court, D. Puerto Rico.

May 23, 2003.

Hector A. Deliz, Deliz & Torres Gonzalez, Hato Rey, PR, William D. Matthewman, Miami, FL, Rafael F. Castro–Lang, San Juan, PR, Steve Potolsky, Miami, FL, for Defendants.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is a Motion by Defendants Hector Acosta Martínez and Joel Rivera Alejandro to Strike "Notice of Special Findings" from Third Superseding Indictment, to Bar the Government from Seeking the Death Penalty under the Third Superseding Indictment, and to Declare the Federal Death Penalty Act ("FDPA") Unconstitutional (Dkt. 548).

## I. BACKGROUND

### A. The Charges Against the Defendants

On April 1, 2003, a federal grand jury returned a five count Third Superseding Indictment charging Defendants Acosta and Rivera with unlawful interference with interstate commerce by extortion, in violation of 18 U.S.C. § 1951(a)(Count One);

use of a firearm during, and in relation to a crime of violence, specifically conspiracy to affect interstate commerce by extortion and, in the course of that crime, unlawfully killing Jorge Hernández Díaz with malice aforethought through the use of a firearm, in violation of 18 U.S.C. § 924(J) and 2 (Count Two); unlawfully killing Díaz with intent to retaliate against his family for providing agents of the Police of Puerto Rico and the Federal Bureau of Investigation with information relating to the possible commission of a federal offense, shooting the victim, thus causing his death, then dismembering his body and disposing of it in public view, in violation of 18 U.S.C. § 1513(a)(1)(B) and 2 (Count Three). As to Rivera, Count Four charges intent to prevent the communication to a law enforcement officer of the United State of information relating to the possible commission of a federal offense, specifically interference with interstate commerce by extortion, by shooting at Waleska Rivera Gerena with a firearm, in violation of 18 U.S.C. § 1512(b)(3); and as to Rivera, Count Five charges intent to prevent the communication to a law enforcement officer of the United States of information relating to the possible commission of a federal offense, specifically interference with interstate commerce by extortion, by threatening to shoot Yadil Hernández Valentín with a firearm, in violation of 18 U.S.C. § 1512(b)(3).

The Third Superseding Indictment includes a Notice of Special Findings as to Defendants Acosta and Rivera alleging the requisite culpability and statutory aggravating factors that qualify the Defendants to receive the death penalty. See 18 U.S.C. § 3591(a) and 3592(c).

## II. DISCUSSION

### A. The Federal Death Penalty Act

In passing the Federal Death Penalty Act of 1994, 18 U.S.C. § 3591–3598, Con-

gress established procedures for imposing the death penalty for some 60 offenses. The FDPA details strict procedures that must be followed before a defendant may be sentenced to death. Initially, the Government must serve a defendant with pretrial notice of the Government's intent to seek the death penalty. 18 U.S.C. § 3593(a). The notice must set forth specific aggravating factor(s) that the Government intends to prove. *Id.* Defendants maintain that the aggravating factors enumerated at 18 U.S.C. § 3592(c) and the intent factors set forth at 18 U.S.C. § 3591(a)(2), are for constitutional purposes, elements of a greater crime subject to the Fifth Amendment's guarantee of Grand Jury presentment. Defendants argue that since the FDPA treats these facts not as elements but as sentencing factors and provides for proof of these facts without indictment by a Grand Jury, it follows that the FDPA is unconstitutional.

Defendants have the burden of proving that the FDPA is unconstitutional. *See, e.g., Lujan v. G & G Fire Sprinklers, Inc.,* 532 U.S. 189, 198, 121 S.Ct. 1446, 149 L.Ed.2d 391 (2001), cited in, *United States v. Sampson,* 245 F.Supp.2d 327 (D.Mass. 2003). The thrust of Defendants' argument is that the FDPA is unconstitutional in light of the Supreme. Court's rulings in *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).

In *Jones,* the Supreme Court considered whether the federal carjacking statute, 18 U.S.C. § 2119, defined three distinct offenses or a single crime with a choice of three maximum penalties, two of which were dependent on sentencing factors exempt from the requirements of charge and jury verdict. Specifically, the *Jones* Court held that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Id.* at 243 n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311. Subsequently, the Supreme Court revisited the question of the required procedures for finding facts that determine the maximum permissible punishment in *Apprendi.* The Court in *Apprendi* held that, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348, 147 L.Ed.2d 435.

In *Ring,* the most recent of this trilogy of Supreme Court cases, the Court again revisited the constitutionally mandated processes in findings of fact that increase maximum punishment. In this case the Supreme Court applied to a State law capital case its holding in *Apprendi.* Specifically, the Court addressed the constitutionality of an Arizona statute in which the trial judge was required to make factual determinations regarding the existence of aggravating factors essential for imposing the death penalty. The Court held that "[b]ecause Arizona's enumerated aggravating factors operate as the functional equivalent of an element of a greater offense, the Sixth Amendment requires that they be found by a jury." *Id.* at 2443 (internal citation omitted). Meanwhile, in *Sattazahn v. Pennsylvania,* 537 U.S. 101, 123 S.Ct. 732, 154 L.Ed.2d 588 (2003), the Court clarified what constitutes an "element" of an offense for purposes of the Sixth Amendment's jury-trial guarantee. "If the existence of any fact (other than a prior conviction) increases the maximum punishment that may be imposed on a defendant, that fact—no matter how the

State labels it—constitutes an element, and must be found by a jury beyond a reasonable doubt." *Id.* at 739.

In a case decided concurrently with *Ring,* the Supreme Court in *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524, (2002) held that mandatory minimum sentencing factors need not be alleged in the indictment, need not be submitted to the jury, and need not be proven beyond a reasonable doubt, so long as the factors do not increase the maximum possible sentence. *Id.* at 2420.

Defendants maintain that, in response to *Ring,* the Government has attempted to remedy the unconstitutionality of the FDPA by obtaining a Third Superseding Indictment containing a "Notice of Special Findings"—a procedure which is not specifically authorized by the FDPA. The Government counters that the collective logic of *Ring, Apprendi, Sattazahn, Harris, and Jones,* might be construed, not unreasonably, as presaging a Fifth Amendment Indictment Clause-based requirement that facts necessary to qualify a defendant for death under the FDPA, (beyond an otherwise applicable statutory maximum of life imprisonment), must also be presented by indictment through the Grand Jury. *See United States v. Lentz,* 225 F.Supp.2d 672, 680 (E.D.Va.2002) ("In light of *Jones* ... it appears to be a foregone conclusion that aggravating factors that are essential to the imposition of the death penalty must appear in the indictment."). Accordingly, the court in *Lentz* found that both the requisite mens rea factors appearing in 18 U.S.C. § 3591(a) and the statutory aggravating factors appearing in 18 U.S.C. § 3592(c) were properly included in the superseding indictment. *Id.*

Nonetheless, Defendants argue that the superseding indictment does not remedy the infirmities of the FDPA. Defendants maintain that in light of *Jones, Apprendi,* and *Ring,* it is clear that statutory aggravating factors—facts establishing death eligibility—are, for constitutional purposes, elements of an aggravated, capital first degree murder offense. They further contend that because the FDPA defines such factors as mere sentencing considerations it is facially unconstitutional. Defendants insist that only Congress is vested with the legislative power necessary to cure the constitutional defects of the statute. Thus, the executive, *i.e.,* the United States Attorney and the Department of Justice, cannot redefine the elements of these statutory offenses by asking the Grand Jury to charge congressionally defined sentencing factors as elements, since only Congress can create the greater offenses on which the Grand Jury may indict.

These arguments are not new to the courts and have been uniformly rejected. The fact that the FDPA does not expressly state that aggravating factors are elements of the offense to be charged by the Grand Jury does not mean that they run afoul of the Constitution. *See United States v. McAllister,* 272 F.3d 228, 233 (4th Cir. 2001); *Lentz,* 225 F.Supp.2d at 680–81; *United States v. Matthews,* 246 F.Supp.2d 137 (N.D.N.Y.2002); *United States v. Church,* 218 F.Supp.2d 813, 815 (W.D.Va. 2002). The Supreme Court in *Ring, Apprendi* and *Jones,* was addressing only the required procedures for finding facts. *See e.g., Jones,* 526 U.S. at 243 n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311. These cases concern criminal procedure and not the definition of conduct that is criminal, which is a legislative function. *United States v. Sampson,* 245 F.Supp.2d 327, 332 (D.Mass. 2003). Recently, the court in *Sampson* concluded that "the facts concerning a defendant's state of mind and aggravating factors that the Federal Death Penalty Act requires be proven for a defendant to be

eligible for the death penalty must be treated *procedurally* as elements of the offense alleged . . ." *Id.* (emphasis added).

In 1994, when the FDPA was enacted, *Walton v. Arizona,* 497 U.S. 639, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990), represented the law concerning the procedures required for the imposition of the death penalty. In *Walton,* the Supreme Court held that "the Sixth Amendment does not require that the specific findings authorizing the imposition of the sentence of death be made by the jury." *Id.* at 648, 110 S.Ct. 3047, 111 L.Ed.2d 511. In other words, the Court considered it constitutionally permissible for a judge, instead of a jury, to make the factual findings necessary to raise the maximum possible sentence from life in prison to death. The Supreme Court in *Ring* recently reconsidered and overruled *Walton.* The Government argues that when the FDPA took effect— eight years before *Ring* overruled *Walton*—there was no reason to predict that the Fifth Amendment might someday be construed as requiring threshold mental culpability factors and statutory aggravating factors to be pleaded in an indictment. Understandably, then, the FDPA makes no provision for a grand jury to return such findings.

More significantly, there is nothing in the FDPA or elsewhere that precludes the Government from alleging the aggravating factors in the indictment. *See Matthews,* 246 F.Supp.2d at 147; *Lentz,* 225 F.Supp.2d at 680–81; *Church,* 218 F.Supp.2d at 815 ("No statute or rule of procedure restricts the ability of the grand jury to make the findings that it did in this case."). On the contrary, in light of *Ring,* the Grand Jury is arguably required to consider the statutory aggravating factors that constitute the functional equivalents of elements of the offense when the Government intends to seek the death penalty.

*Matthews,* 246 F.Supp.2d at 147; *United States v. Quinones,* 313 F.3d 49, 53 n. 1 (2d Cir.2002) (the FDPA does not violate the Due Process Clause of the Fifth Amendment).

Contrary to Defendants' contention, recognizing a role for the Grand Jury in deciding whether a defendant shall be subject to the death penalty does not require a rewriting of the Federal Death Penalty Act. *See Sampson,* 245 F.Supp.2d at 336. Nor does *Ring* require that any provision of the FDPA be rewritten. As discussed previously, "it only requires that the grand jury perform its traditional function concerning facts that are now deemed to be elements, or the functional equivalent of elements, of offenses for which Congress has decided the death penalty can be imposed." *Id.* at 338.

Defendants have read far more into the decisions of *Ring, Apprendi* and *Jones* than the Court's language permits. In fact, this line of cases is limited to an important but simple point: the Fifth and Sixth Amendments serve as procedural safeguards for "the formality of notice, the identity of the factfinder, and the burden of proof." *Jones,* 526 U.S. at 243 n. 6, 119 S.Ct. 1215.

In view of the foregoing, this Court agrees with each of the other courts that have addressed this issue in reported decisions and found that *Ring* does not render the Federal Death Penalty Act unconstitutional. *See Sampson,* 245 F.Supp.2d at 340; *Matthews,* 246 F.Supp.2d 137; *Lentz,* 225 F.Supp.2d at 677–82; *Church,* 218 F.Supp.2d at 815; *United States v. Johnson,* 239 F.Supp.2d 924, 935–46 (N.D.Iowa 2003); *United States v. Denis,* 246 F.Supp.2d 1250, 1254 (S.D.Fla.2002); *United States v. Regan,* 221 F.Supp.2d 672, 679–81 (E.D.Va.2002).

### III. CONCLUSION

For the reasons set forth above, the Defendants' Motion to Strike "Notice of Special Findings" from Third Superseding Indictment, to Bar the Government from Seeking the Death Penalty under the Third Superseding Indictment, and to Declare the Federal Death Penalty Act ("FDPA") Unconstitutional (Dkt. 548), is hereby **DENIED** in its entirety.

**IT IS SO ORDERED.**