# LUJAN, LABOR COMMISSIONER OF CALIFORNIA, ET AL. *v.* G & G FIRE SPRINKLERS, INC.

No. 00–152.   Argued February 26, 2001—Decided April 17, 2001

*Thomas S. Kerrigan* argued the cause and filed briefs for petitioners.

*Jeffrey A. Lamken* argued the cause for the United States as *amicus curiae* urging reversal. With him on the brief were *Solicitor General Waxman, Assistant Attorney General Ogden, Deputy Solicitor General Kneedler, Mark B. Stern, Jacob M. Lewis,* and *Daniel L. Kaplan.*

*Stephen A. Seideman* argued the cause and filed a brief for respondent.*

*Briefs of *amici curiae* urging reversal were filed for the American Federation of Labor and Congress of Industrial Organizations by *Jonathan P. Hiatt, James B. Coppess, Scott A. Kronland,* and *Laurence Gold;* and for the Port of Oakland et al. by *David L. Alexander* and *Christopher H. Alonzi.*

CHIEF JUSTICE REHNQUIST delivered the opinion of the Court.

The California Labor Code (Code or Labor Code) authorizes the State to order withholding of payments due a contractor on a public works project if a subcontractor on the project fails to comply with certain Code requirements. The Code permits the contractor, in turn, to withhold similar sums from the subcontractor. The Court of Appeals for the Ninth Circuit held that the relevant Code provisions violate the Due Process Clause of the Fourteenth Amendment because the statutory scheme does not afford the subcontractor a hearing before or after such action is taken. We granted certiorari, 531 U. S. 924 (2000), and we reverse.

Petitioners are the California Division of Labor Standards Enforcement (DLSE), the California Department of Industrial Relations, and several state officials in their official capacities. Respondent G & G Fire Sprinklers, Inc. (G & G), is a fire-protection company that installs fire sprinkler systems. G & G served as a subcontractor on several California public works projects. "Public works" include construction work done under contract and paid for in whole or part by public funds. Cal. Lab. Code Ann. § 1720 (West Supp. 2001). The department, board, authority, officer, or agent awarding a contract for public work is called the "awarding body." § 1722 (West 1989). The California Labor Code requires that contractors and subcontractors on such projects pay their workers a prevailing wage that is determined by the State. §§ 1771, 1772, 1773 (West 1989 and Supp. 2001). At the time relevant here, if workers were not paid the prevailing wage, the contractor was required to pay each worker the difference between the prevailing wage and the wages paid, in addition to forfeiting a penalty to the State. § 1775

(West Supp. 2001).[1] The awarding body was required to include a clause in the contract so stipulating. *Ibid.*

The Labor Code provides that "[b]efore making payments to the contractor of money due under a contract for public work, the awarding body shall withhold and retain therefrom all wages and penalties which have been forfeited pursuant to any stipulation in a contract for public work, and the terms of this chapter." § 1727. If money is withheld from a contractor because of a subcontractor's failure to comply with the Code's provisions, "[i]t shall be lawful for [the] contractor to withhold from [the] subcontractor under him sufficient sums to cover any penalties withheld." § 1729 (West 1989).[2]

The Labor Code permits the contractor, or his assignee, to bring suit against the awarding body "on the contract for alleged breach thereof in not making . . . payment" to recover the wages or penalties withheld. §§ 1731, 1732 (West Supp. 2001). The suit must be brought within 90 days of completion of the contract and acceptance of the job. § 1730. Such a suit "is the exclusive remedy of the contrac-

---

[1] The Code also imposes restrictions on recordkeeping and working hours, and at the time relevant here, the contractor was similarly penalized if the contractor or subcontractor failed to comply with them. Cal. Lab. Code Ann. §§ 1776(a), (b), (g) (West Supp. 2001), 1813 (West 1989). The awarding body was required to include a clause in the contract so stipulating. §§ 1776(h), 1813.

Sections 1775, 1776, and 1813 were subsequently amended to provide that both contractors and subcontractors may be penalized for failure to comply with the Labor Code. §§ 1775(a), 1776(g), 1813 (West Supp. 2001). Amendments to § 1775 also state that either the contractor or the subcontractor may pay workers the difference between the prevailing wage and wages paid. § 1775(a).

[2] Amendments to the Labor Code effective July 1, 2001, impose additional requirements on contractors. See § 1727(b) (West Supp. 2001) (contractor shall withhold money from subcontractor at request of Labor Commissioner in certain circumstances); § 1775(b)(3) (contractor shall take corrective action to halt subcontractor's failure to pay prevailing wages if aware of the failure or be subject to penalties).

tor or his or her assignees." § 1732. The awarding body retains the wages and penalties "pending the outcome of the suit." § 1731.[3]

In 1995, DLSE determined that G & G, as a subcontractor on three public works projects, had violated the Labor Code by failing to pay the prevailing wage and failing to keep and/or furnish payroll records upon request. DLSE issued notices to the awarding bodies on those projects, directing them to withhold from the contractors an amount equal to the wages and penalties forfeited due to G & G's violations. The awarding bodies withheld payment from the contractors, who in turn withheld payment from G & G. The total withheld, according to respondent, exceeded $135,000. App. 68.

G & G sued petitioners in the District Court for the Central District of California. G & G sought declaratory and injunctive relief pursuant to Rev. Stat. § 1979, 42 U. S. C. § 1983, claiming that the issuance of withholding notices without a hearing constituted a deprivation of property without due process of law in violation of the Fourteenth Amendment. The District Court granted respondent's motion for summary judgment, declared §§ 1727, 1730–1733, 1775, 1776(g), and 1813 of the Labor Code unconstitutional, and enjoined the State from enforcing these provisions

---

[3] Sections 1730–1733 of the Code have been repealed, effective July 1, 2001. Section 1742 has replaced them. It provides that "[a]n affected contractor or subcontractor may obtain review of a civil wage and penalty assessment [under the Code] by transmitting a written request to the office of the Labor Commissioner." § 1742(a). The contractor or subcontractor is then entitled to a hearing before the Director of Industrial Relations, who shall appoint an impartial hearing officer. Within 45 days of the hearing, the director shall issue a written decision affirming, modifying, or dismissing the assessment. A contractor or subcontractor may obtain review of the director's decision by filing a petition for a writ of the mandate in state superior court. §§ 1742(b), (c). These provisions are not yet in effect and these procedures were not available to respondent at the time of the withholding of payments at issue here.

against respondent. App. to Pet. for Cert. A85–A87. Petitioners appealed.

A divided panel of the Court of Appeals for the Ninth Circuit affirmed. *G & G Fire Sprinklers, Inc.* v. *Bradshaw*, 156 F. 3d 893, 898 (1998) *(Bradshaw I)*. The court concluded that G & G "has a property interest in being paid in full for the construction work it has completed," *id.*, at 901, and found that G & G was deprived of that interest "as a result of the state's action," *id.*, at 903. It decided that because subcontractors were "afforded neither a pre- nor post-deprivation hearing when payments [were] withheld," the statutory scheme violated the Due Process Clause of the Fourteenth Amendment. *Id.*, at 904.

Following *Bradshaw I*, we decided *American Mfrs. Mut. Ins. Co.* v. *Sullivan*, 526 U. S. 40 (1999), where respondents also alleged a deprivation of property without due process of law, in violation of the Fourteenth Amendment. *Sullivan* involved a challenge to a private insurer's decision to withhold payment for disputed medical treatment pending review of its reasonableness and necessity, as authorized by state law. We held that the insurer's action was not "fairly attributable to the State," and that respondents therefore failed to satisfy a critical element of their § 1983 claim. *Id.*, at 58. We also decided that because state law entitled respondents to reasonable and necessary medical treatment, respondents had no property interest in payment for medical treatment not yet deemed to meet those criteria. *Id.*, at 61. We granted certiorari in *Bradshaw I*, vacated the judgment of the Court of Appeals, and remanded for reconsideration in light of *Sullivan*. *Bradshaw* v. *G & G Fire Sprinklers, Inc.*, 526 U. S. 1061 (1999).

On remand, the Court of Appeals reinstated its prior judgment and opinion, again by a divided vote. The court held that the withholding of payments was state action because it was "specifically directed by State officials . . . [and] the withholding party has no discretion." *G & G Fire*

*Sprinklers, Inc.* v. *Bradshaw,* 204 F. 3d 941, 944 (CA9 2000). In its view, its prior opinion was consistent with *Sullivan* because it "specifically held that G & G did not have a right to payment of the disputed funds pending the outcome of whatever kind of hearing would be afforded," and "explicitly authorized the withholding of payments pending the hearing." 204 F. 3d, at 943. The court explained that G & G's rights were violated not because it was deprived of immediate payment, but "because the California statutory scheme afforded no hearing at all when state officials directed that payments be withheld." *Id.,* at 943–944.

Where a state law such as this is challenged on due process grounds, we inquire whether the State has deprived the claimant of a protected property interest, and whether the State's procedures comport with due process. *Sullivan, supra,* at 59. We assume, without deciding, that the withholding of money due respondent under its contracts occurred under color of state law, and that, as the Court of Appeals concluded, respondent has a property interest of the kind we considered in *Logan* v. *Zimmerman Brush Co.,* 455 U. S. 422 (1982), in its claim for payment under its contracts. 204 F. 3d, at 943–944. Because we believe that California law affords respondent sufficient opportunity to pursue that claim in state court, we conclude that the California statutory scheme does not deprive G & G of its claim for payment without due process of law. See *Logan, supra,* at 433 ("[T]he Due Process Clause grants the aggrieved party the opportunity to present his case and have its merits fairly judged").

The Court of Appeals relied upon several of our cases dealing with claims of deprivation of a property interest without due process to hold that G & G was entitled to a reasonably prompt hearing when payments were withheld. *Bradshaw I, supra,* at 903–904 (citing *United States* v. *James Daniel Good Real Property,* 510 U. S. 43 (1993); *FDIC* v. *Mallen,* 486 U. S. 230 (1988); *Barry* v. *Barchi,* 443 U. S. 55

(1979)). In *Good,* we held that the Government must afford the owner of a house subject to forfeiture as property used to commit or to facilitate commission of a federal drug offense notice and a hearing before seizing the property. 510 U. S., at 62. In *Barchi,* we held that a racetrack trainer suspended for 15 days on suspicion of horse drugging was entitled to a prompt postdeprivation administrative or judicial hearing. 443 U. S., at 63–64. And in *Mallen,* we held that the president of a Federal Deposit Insurance Corporation (FDIC) insured bank suspended from office by the FDIC was accorded due process by a notice and hearing procedure which would render a decision within 90 days of the suspension. 486 U. S., at 241–243. See also *Sniadach* v. *Family Finance Corp. of Bay View,* 395 U. S. 337 (1969) (holding that due process requires notice and a hearing before wages may be garnished).

In each of these cases, the claimant was denied a right by virtue of which he was presently entitled either to exercise ownership dominion over real or personal property, or to pursue a gainful occupation. Unlike those claimants, respondent has not been denied any present entitlement. G & G has been deprived of payment that it contends it is owed under a contract, based on the State's determination that G & G failed to comply with the contract's terms. G & G has only a claim that it did comply with those terms and therefore that it is entitled to be paid in full. Though we assume for purposes of decision here that G & G has a property interest in its claim for payment, see *supra,* at 195, it is an interest, unlike the interests discussed above, that can be fully protected by an ordinary breach-of-contract suit.

In *Cafeteria & Restaurant Workers* v. *McElroy,* 367 U. S. 886, 895 (1961) (citations omitted), we said:

> "The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation. '"[D]ue process," unlike some legal rules, is not a technical conception with a fixed

content unrelated to time, place and circumstances.' It is 'compounded of history, reason, the past course of decisions . . . .' "

We hold that if California makes ordinary judicial process available to respondent for resolving its contractual dispute, that process is due process.

The California Labor Code provides that "the contractor or his or her assignee" may sue the awarding body "on the contract for alleged breach thereof" for "the recovery of wages or penalties." §§ 1731, 1732 (West Supp. 2001). There is no basis here to conclude that the contractor would refuse to assign the right of suit to its subcontractor. In fact, respondent stated at oral argument that it has sued awarding bodies in state superior court pursuant to §§ 1731–1733 of the Labor Code to recover payments withheld on previous projects where it served as a subcontractor. See Tr. of Oral Arg. 27, 40–41, 49–50. Presumably, respondent brought suit as an assignee of the contractors on those projects, as the Code requires. § 1732 (West Supp. 2001). Thus, the Labor Code, by allowing assignment, provides a means by which a subcontractor may bring a claim for breach of contract to recover wages and penalties withheld.

Respondent complains that a suit under the Labor Code is inadequate because the awarding body retains the wages and penalties "pending the outcome of the suit," § 1731, which may last several years. Tr. of Oral Arg. 51. A lawsuit of that duration, while undoubtedly something of a hardship, cannot be said to deprive respondent of its claim for payment under the contract. Lawsuits are not known for expeditiously resolving claims, and the standard practice in breach-of-contract suits is to award damages, if appropriate, only at the conclusion of the case.

Even if respondent could not obtain assignment of the right to sue the awarding body under the contract, it appears that a suit for breach of contract against the contractor remains available under California common law. See 1

B. Witkin, Summary of California Law §§ 791, 797 (9th ed. 1987) (defining breach as the "unjustified or unexcused . . . failure to perform a contract" and describing the remedies available under state law). To be sure, § 1732 of the Labor Code provides that suit on the contract against the awarding body is the "exclusive remedy of the contractor or his or her assignees" with respect to recovery of withheld wages and penalties. § 1732 (West Supp. 2001). But the remedy is exclusive only with respect to the contractor and his assignees, and thus by its terms not the exclusive remedy for a subcontractor who does not receive assignment. See, *e. g., J & K Painting Co., Inc.* v. *Bradshaw,* 45 Cal. App. 4th 1394, 1402, 53 Cal. Rptr. 2d 496, 501 (1996) (allowing subcontractor to challenge Labor Commissioner's action by petition for a writ of the mandate).

In *J & K Painting,* the California Court of Appeal rejected the argument that § 1732 requires a subcontractor to obtain an assignment and that failure to do so is "fatal to any other attempt to secure relief." *Id.,* at 1401, n. 7, 53 Cal. Rptr. 2d, at 501, n. 7. The Labor Code does not expressly impose such a requirement, and that court declined to infer an intent to "create remedial exclusivity" in this context. *Ibid.* It thus appears that subcontractors like respondent may pursue their claims for payment by bringing a standard breach-of-contract suit against the contractor under California law. Our view is necessarily tentative, since the final determination of the question rests in the hands of the California courts, but respondent has not convinced us that this avenue of relief is closed to it. See *id.,* at 1401, and n. 4, 53 Cal. Rptr. 2d, at 500, and n. 4 (noting that the contractor might assert a variety of defenses to the subcontractor's suit for breach of contract without evaluating their soundness). As the party challenging the statutory withholding scheme, respondent bears the burden of demonstrating its unconstitutionality. Cf. *INS* v. *Chadha,* 462 U. S. 919, 944 (1983) (statutes presumed constitutional). We

therefore conclude that the relevant provisions of the California Labor Code do not deprive respondent of property without due process of law.   Accordingly, the judgment of the Court of Appeals is reversed.

*It is so ordered.*