**Morcos S. AZER; Doctor's Medical Laboratory, Inc., Plaintiffs—Appellants,**

v.

**Kathleen CONNELL; John Chen; Steven Fujimori; Joseph P. Munso; Al Schaden, Defendants—Appellees.**

No. 02–57213.

D.C. No. CV–00–11008–GAF.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2004.

Decided Feb. 13, 2004.

Patric Hooper, Esq., Hooper, Lundy & Bookman, Los Angeles, CA, for Plaintiff–Appellants.

Christina Bull Arndt, Esq., Office of the California Attorney General, Los Angeles, CA, for Defendant–Appellees.

Before KOZINSKI, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Doctor's Medical Laboratory's ("DML") claim based on regulatory provisions alone is not cognizable under 42 U.S.C. § 1983. *Save Our Valley v. Sound Transit,* 335 F.3d 932, 935–36 (9th Cir.2003); *cf. Alexander v. Sandoval,* 532 U.S. 275, 291, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001) ("Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not."). Neither is its claim based on 42 U.S.C. § 1396a(a). *See San Lazaro Ass'n v. Connell,* 286 F.3d 1088, 1099 (9th Cir.2002). And because DML did not "specifically and distinctly argue[ ]" its Fourth Amendment claim on appeal, we do not address it. *Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 738 (9th Cir.1986).

As for DML's due process claim, because no statute specifies the "precise action" the appellees "must take in each instance," a qualified immunity inquiry is appropriate. *Davis v. Scherer,* 468 U.S. 183, 196 n. 14, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). Even if the appellees' initial action in 1997 were unconstitutional, precedent indicates that California courts then might have been "inclined to hold that the delay in payment of . . . [this kind of] contractual claim does not constitute a deprivation of a significant property inter-

---

est." *Bergeron v. Dep't of Health Servs.,* 71 Cal.App.4th 17, 23, 83 Cal.Rptr.2d 481 (1999). Thus, DML's rights were not "clearly established," and the appellees are entitled to qualified immunity. *Saucier v. Katz,* 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Subsequently, and despite the appellees' shameful conduct, the availability of "ordinary judicial process ... for resolving [DML's] contractual dispute ... is due process." *Lujan v. G & G Fire Sprinklers, Inc.,* 532 U.S. 189, 197, 121 S.Ct. 1446, 149 L.Ed.2d 391 (2001).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.