**Joe E. McCRACKEN; Leah K. McCracken, Plaintiffs–Appellees,**

v.

**LOCKWOOD SCHOOL DISTRICT # 26, Defendant–Appellant.**

No. 04–35476.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 2, 2006.

Filed Nov. 15, 2006.

Martha Sheehy, Esq., Billings, MT, for Plaintiffs–Appellees.

Kenneth D. Tolliver, Esq., Tolliver Law Firm, P.C., Billings, MT, for Defendant–Appellant.

Before: TASHIMA and W. FLETCHER, Circuit Judges, and POLLAK,* Senior District Judge.

### MEMORANDUM **

Joseph McCracken ("McCracken") served as the superintendent of the Lockwood School District # 26 ("the school district") from 1985 until 1995. Six weeks before his retirement, he and the school board executed an "addendum" to McCracken's employment contract providing that the school district would pay life-time health insurance premiums for McCracken and his spouse. Six years later, the school board, now comprised of new members, voted to terminate the payment of McCracken's health insurance premiums. The McCrackens (together, "McCracken") sued under 42 U.S.C. § 1983, claiming that the school district deprived him of constitutionally-protected property without due process, and also brought several claims under state law. At trial, the jury found violations of § 1983, the Montana Constitution, and state tort law. The school district now appeals from the district court's summary judgment rulings and from certain aspects of the judgment. We conclude that the district court erred in submitting the § 1983 claim to the jury; consequently, we must vacate the attorney's fees award. We affirm the damages award, which is adequately supported by the successful state law claims.[1]

The district court had jurisdiction over McCracken's § 1983 claim under 28 U.S.C. § 1331, and had supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's decision concerning constitutional rights in a § 1983 action. *Browning v. Vernon,* 44 F.3d 818, 821 (9th Cir.1995).

### I. Validity of the Contract

The school district disputes the validity of the contract between it and McCracken. It contends that the contract is invalid because, *inter alia,* of a lack of consideration. McCracken argues, correctly, that even if these arguments are valid, the

---

* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The school district has not advanced any specific argument against the award of damages on the state law claims.

school district is time-barred from challenging the validity of the contract.

■ Montana law provides that actions based on contract must be brought within eight years of accrual. Mont.Code Ann. § 27–2–202(1). Generally, claims relating to contract invalidity accrue as soon as the basis for invalidity could be discovered, which is usually at the time the contract is formed. *See, e.g., Schmidt v. Grand Forks Country Club,* 460 N.W.2d 125, 128 (N.D. 1990) (holding that "an action for rescission based on failure of consideration accrues when the facts which constitute the failure of consideration have been, or in the exercise of reasonable diligence should have been, discovered"); *Yerkovich v. MCA Inc.,* 11 F.Supp.2d 1167, 1174 (C.D.Cal.1997) (holding that a claim of unconscionability accrues at the time the contract is entered into). The contract here was entered into in 1992 and amended on May 15, 1995, but the school district's counterclaim seeking to void the contract was not filed until June 11, 2003, more than eight years later.

■ Even if the school district's attempt to void the contract were not barred by the statute of limitations, it fails on the merits. As the district court held, McCracken provided sufficient consideration for the 1995 addendum by "continu[ing] to work for the school district until his retirement date—six weeks after the addendum was executed." (Citing *Langager v. Crazy Creek Prods., Inc.,* 287 Mont. 445, 954 P.2d 1169, 1173 (1998).) We thus conclude that the district court did not err when it held that the contract addendum was valid.

## II. The § 1983 Claim

■ The Fourteenth Amendment protects individuals against the deprivation of liberty or property by the government without due process. *Portman v. County of Santa Clara,* 995 F.2d 898, 904 (9th Cir.1993). A § 1983 claim based upon the deprivation of procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process. *Id.* Because we conclude that McCracken failed to establish the third element, we need not address the first two elements of McCracken's § 1983 claim. *See Lujan v. G & G Fire Sprinklers, Inc.,* 532 U.S. 189, 195, 121 S.Ct. 1446, 149 L.Ed.2d 391 (2001) (assuming, without deciding, that the contract in question qualified as a constitutionally-protected property interest and, instead, basing its decision on adequacy of process). Our analysis therefore assumes that McCracken's interest in the contract is constitutionally cognizable property and that McCracken was deprived of this property. We proceed directly to the third element of the inquiry—the adequacy of process.

Under *Lujan,* the question of whether a deprivation occurred without due process requires an analysis of whether available state law process can constitute "due process." *Id.* at 195–97, 121 S.Ct. 1446. *Lujan,* like the instant case, involved a contract-based property deprivation. *See id.* at 196, 121 S.Ct. 1446. In *Lujan,* a state agency determined that a subcontractor on a public works project had violated the California Labor Code, and issued notices directing the withholding of payment to the subcontractor. *Id.* at 191–93, 121 S.Ct. 1446. The subcontractor sued the state parties under § 1983, claiming that the issuances of the notices without a hearing violated its due process rights. *Id.* at 193, 121 S.Ct. 1446. The Court held that the subcontractor "has not been denied any present entitlement" but merely a "payment that it contends it is owed under a contract," which in turn is an interest "that

can be fully protected by an ordinary breach-of-contract suit." *Id.* at 196, 121 S.Ct. 1446 (distinguishing the case from situations in which a claimant is denied "a right by virtue of which he was presently entitled either to exercise ownership dominion over real or personal property, or to pursue a gainful occupation"). In summary, the Court stated, "[w]e hold that if California makes ordinary judicial process available to respondent for resolving its contractual dispute, that process is due process." *Id.* at 197, 121 S.Ct. 1446.

Under the test articulated in *Lujan,* McCracken likewise "has not been denied any present entitlement" but merely a "payment that [he] contends [he] is owed under a contract," which in turn is an interest "that can be fully protected by an ordinary breach-of-contract suit." *See id.* at 196, 121 S.Ct. 1446. The subject matter of McCracken's contract is purely financial, as opposed to a right to pursue one's livelihood or the right to retain possession of one's home, which is central to an individual's well-being and existence. *See id.* at 195–96, 121 S.Ct. 1446. Nor is McCracken's need to remedy his deprivation time-sensitive, such that access to prompt process is a pivotal concern. *See Baird v. Bd. of Educ. for Warren Cmty. Unit Sch. Dist. No. 205,* 389 F.3d 685, 691–92 (7th Cir.2004) (noting that *Lujan's* "present entitlement" concept may "elude[ ] precise definition," but observing that "present entitlements" exist in situations such as a plaintiff's termination from employment, where promptness is required to "pursue time-sensitive remedies such as reinstatement"), *cert. denied,* ―― U.S. ――, 126 S.Ct. 332, 163 L.Ed.2d 45 (2005). Taken together, the lack of time-sensitive issues, the purely financial subject matter of the contract right asserted, and the availability of state law remedies sounding both in tort and contract, demonstrate that McCracken's contract did not constitute a "present entitlement" such that ordinary state judicial process is an insufficient remedy for his deprivation.

Because, under *Lujan,* the state provides adequate process, McCracken's § 1983 claim fails as a matter of law. Accordingly, the district court erred in submitting McCracken's § 1983 due process claim to the jury.

### III. The State Law Claims

■ In the ordinary case, we would next examine whether the damages award can be upheld despite the invalidity of the § 1983 claim. As a general rule, a "jury verdict will be upheld only if there is substantial evidence to support each and every theory of liability submitted to the jury." *Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc.,* 62 F.3d 280, 285 (9th Cir.1995) (as amended) (citation omitted). There is an exception to this general rule, however, which can be exercised at the discretion of the reviewing court, when "we are able to construe a general verdict as attributable to a theory submitted to the jury that was viable." *Id.* at 285–86.

In deciding whether to exercise this discretion, the reviewing court should determine the potential for confusion of the jury which may have resulted from an erroneous submission of a particular claim or cause of action, whether privileges or defenses of the losing party apply to the count upon which the verdict is being sustained so that they would have been considered by the jury with reference to the count, the strength of the evidence supporting the count being relied upon to sustain the verdict, and the extent to which the same disputed issues of fact apply to one or more of the theories in question.

*Traver v. Meshriy,* 627 F.2d 934, 938–39 (9th Cir.1980).

Here, the jury returned a special verdict, by which it found the school district liable for a § 1983 violation, violations of three provisions of the Montana Constitution, and a tortious breach of the implied covenant of good faith and fair dealing. As we have observed, special interrogatories ensure "there is no danger that the jury found liability *only* on a legally defective theory." *Webb v. Sloan,* 330 F.3d 1158, 1167 (9th Cir.2003) (emphasis in the original). Because the school district makes no argument challenging the damages award on this appeal, we need not examine the hypothetical possibility that some of the damages might be attributable only to the legally defective § 1983 claim.

### IV. Attorney's Fees

The award of attorney's fees, however, presents a different issue. The district court awarded $77,570.10 in attorney's fees and costs without stating the source of its power to make such an award.[2] The motion for fees cited both 42 U.S.C. § 1988 and *Trustees of Ind. Univ. v. Buxbaum,* 315 Mont. 210, 69 P.3d 663, ¶ 46 (2003) (holding that in a declaratory relief action, Mont.Code Ann. § 27–8–313 "provides discretionary authority for an award of attorney fees"), as supporting an award of fees. If the award was supported only by the § 1983 claim, i.e., based exclusively on § 1988, it cannot stand. At oral argument, the parties differed on whether attorney's fees could be awarded under state law. Rather than attempt to sort out that issue ourselves in the first instance, we think it the better practice to remand the matter to the district court so that it can determine whether an award of attorney's fees is appropriate under state law and, if so, the amount of such an award.

2. The amount of the award appears to have

We therefore vacate the attorney's fees award and remand the matter to the district court for its consideration in light of our invalidation of the § 1983 claim.

### Conclusion

The judgment on the § 1983 claim is **REVERSED** with directions to dismiss said claim. The award of damages is **AFFIRMED**, but the attorney's fees award is **VACATED** and **REMANDED** to the district court for further proceedings consistent with this disposition. Each party shall bear his, her, or its own costs on appeal.

*This case was not selected for publication in the Federal Reporter*