William W. PALMER, Plaintiff–Appellant,

v.

John GARAMENDI, individually and in his capacity as Insurance Commissioner of the State of California and as Trustee and Conservator of the Estates subject to administration and/or liquidation by the Conservation and Liquidation Office of the California Department of Insurance; The Conservation and Liquidation Office, a California Corporation, Defendants–Appellees.

No. 04–17556.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2006.

Filed Dec. 21, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

William W. Palmer, Esq., Law Offices of William W. Palmer, Sacramento, CA, pro se.

Joel T. Andreesen, Esq., Rodriguez and Associates, Bakersfield, CA, for Plaintiff–Appellant.

Richard L. Manford, AGCA—Office of the California Attorney General (SAC) Department of Justice, Sacramento, CA, for Defendants–Appellees.

Before: BRIGHT *, D.W. NELSON, and BERZON, Circuit Judges.

### MEMORANDUM **

Plaintiff William Palmer formerly served as the chief lawyer in the California Department of Insurance ("the Department") and its Conservation and Liquidation Office ("CLO"). He filed suit against Insur-

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

ance Commissioner John Garamendi and the CLO alleging that his federal constitutional and state law rights were violated because he was forced to assist the Department on legal matters after leaving his government post without receiving reimbursement. The district court dismissed his federal law claims for failing to state a cause of action and declined to exercise supplemental jurisdiction over the state law claims.

█ As alleged in his complaint and argued in his briefs, Palmer's entitlement to reimbursement chiefly arose from the employment agreement he had with the CLO. That agreement required Palmer to assist the Insurance Commissioner in certain litigation after leaving the CLO and provided that Palmer would be reimbursed for such assistance. Palmer alleges that the Department forced him to provide assistance pursuant to this agreement, yet did not provide reimbursement. Palmer, however, does not allege that the State of California failed to provide a means for recovering damages based on the Department's breach of his employment agreement. In fact, California law allows individuals to file breach-of-contract claims against the State. *See* Cal. Gov't Code §§ 905.2(b)(3), 945.4. Palmer's allegations that the failure to honor his employment agreement violated the Due Process, Takings, and Contract Clauses fail because the State provided a process to recover for the Department's breach of his contract. *See Lujan v. G & G Fire Sprinklers, Inc.,* 532 U.S. 189, 196, 121 S.Ct. 1446, 149 L.Ed.2d 391 (2001); *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 194–95, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985); *Univ. of Haw. Professional Assembly v. Cayetano,* 183 F.3d 1096, 1102 (9th Cir.1999).

█ Palmer also alleges in his briefs that the State's failure to provide reim-

bursement violated the Equal Protection Clause. His complaint, however, does not allege that the State treated him in a dissimilar manner from other similarly situated individuals. The lack of such an allegation is fatal to his claim. *See Ventura Mobilehome Cmtys. Owners Ass'n v. City of San Buenaventura,* 371 F.3d 1046, 1055 (9th Cir.2004).

█ Recognizing that a state's breach of purely contractual obligations typically does not raise constitutional issues, Palmer maintained at oral argument that the Department engaged in unconstitutional conduct by failing to indemnify him as required by California law. This claim does not appear in his briefs with any clarity. It is therefore waived. *See Entm't Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1217 (9th Cir. 1997). Moreover, this claim is without merit. The statute cited by Palmer relates to lawsuits against state government employees for injuries arising from acts within the scope of their employment. *See* Cal. Gov't Code § 825(a). Palmer's complaint does not allege that the Department's failure to provide reimbursement involved lawsuits filed against him.

Because we hold that Palmer's complaint alleges no viable constitutional claim, we do not consider whether the defendants would be entitled to sovereign immunity or qualified immunity.

AFFIRMED.