**UNITED STATES of America,
Plaintiff,**

v.

**Donald Scott TAYLOR and William
J. Watson, Defendants.**

**No. CR 07–1244 WJ.**

United States District Court,
D. New Mexico.

July 10, 2009.

W. Ronald Jennings, United States Attorney's Office, Las Cruces, NM, for Plaintiff.

Leon Schydlower, Schydlower & Harbour, El Paso, TX, for Defendants.

***MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DECLARE THE FEDERAL DEATH PENALTY ACT UNCONSTITUTIONAL BECAUSE IT IS INCOMPREHENSIBLE TO JURORS and RESULTS IN THE ARBITRARY APPLICATION OF THE DEATH PENALTY***

WILLIAM P. JOHNSON, District Judge.

THIS MATTER comes before the Court upon Defendant Taylor's Motion to Declare the Federal Death Penalty Act Unconstitutional Because it is Incomprehensible To Jurors and Results in the Arbitrary Application of the Death Penalty, filed May 4, 2009 **(Doc. 272)**. The Court finds that an evidentiary hearing on the matter would not be helpful. Having considered the parties' briefs and the applicable law, I find that Defendant's motion is not well-taken and will be denied.

### Background

Mr. Taylor is charged with various crimes in the Superseding Indictment: in Count 1 with Violent Crimes in Aid of Racketeering Activity (Conspiracy to Murder Jimmy S. "Bo" Chunn), in violation of 18 U.S.C. § 1959(a)(5); in Count 2 with Violent Crimes in Aid of Racketeering Activity (Murder of Jimmy S. "Bo" Chunn), in violation of 18 U.S.C. § 1959(a)(1) and 18 U.S.C. § 2; in Count 3 with Conspiracy to Manufacture 50 Grams and more of Methamphetamine, in violation of 21 U.S.C. § 846; in Count 4 with Using a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), (j)(1) and 18 U.S.C. § 2; in Counts 5 and 6 with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1); in Count 7 with Pos-

session of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5845(a)(2), 5861(d) and 5871; and in Count 8 with Possession of Stolen Firearms, in violation of 18 U.S.C. § 922(j) and 924(a)(2) (Doc. 83).

The Superseding Indictment also contains a Notice of Special Findings by the Grand Jury against Mr. Taylor (including the allegation that Mr. Taylor intentionally killed an individual during a racketeering offense) which, if found to be true, would render Mr. Taylor potentially eligible for a penalty of death (Doc. 83). Not guilty pleas were entered for Mr. Taylor at his arraignment on August 27, 2007. On July 17, 2008, the Government filed Notice of its Intent to Seek the Death Penalty against Mr. Taylor (Doc. 105).

### Discussion

The possibility of a death sentence arises from the operation of the FDPA, 18 U.S.C. § 3591 *et seq.* Defendant seeks an Order declaring the Federal Death Penalty Act ("FDPA"), 18 U.S.C. § 3591 *et seq.*, unconstitutional because it creates a sentencing structure which is incomprehensible to reasonable jurors and results in an arbitrary application of the death penalty. In the alternative, Defendant requests an evidentiary hearing on the motion.

The FDPA contains the procedure for the implementation of the death penalty in federal court. If a defendant is convicted in the liability phase of a death penalty trial, a penalty phase then ensues. First, the Government is required to present "information" establishing at least one of four possible mental state factors: intentional killing, intentional infliction of serious bodily injury resulting in death; intentional participation in an act contemplating death or intending the use of lethal force; or engaging in an act of violence knowing of the creation of a grave risk of death. 18 U.S.C. § 3593(a)(2).

If the jury finds that the Government has met its burden as to mental state, then the Government presents more "information" and seeks a finding beyond a reasonable doubt as to the presence of at least one statutory aggravating factor. 18 U.S.C. § 3593(c). If the jury finds that those burdens have been met, the jury may then determine whether the Government has proved the existence of any previously-noticed non-statutory aggravators. 18 U.S.C. § 3592. Jury findings as to aggravating factors must be unanimous. 18 U.S.C. § 3593(d).

If the jury determines that the Government has met its burdens as to aggravating factors, then it must proceeds to consider required to consider mitigating factors. 18 U.S.C. § 3592(a)(1)-(8).[1] Mitigating factors must be proved by a preponderance of the evidence. 18 U.S.C. § 3593(c).

The jury then engages in a weighing process in order to determine whether "the aggravating factor or factors found to exist sufficiently outweigh the mitigating factor or factors found to exist to justify a sentence of death, or in the absence of a mitigating factor, whether the aggravating factor or factors alone are sufficient to justify a sentence of death." 18 U.S.C. § 3593(e). Each individual juror's weighing of aggravating and mitigating factors leads to that juror's decision as to whether the defendant should be sentenced to death. If the jurors are unable to unanimously agree that a death sentence should be imposed, or that a sentence of life imprisonment without the possibility of release should be imposed, the

---

**1.** Subsection (8) is a catch-all provision, including "other factors in the defendant's background, record or character or any other circumstances of the offense that mitigate against imposition of the death sentence." 18 U.S.C. § 3592(a)(8).

court must impose a sentence other than death. There is no "hung jury" or retrial after a non-unanimous verdict at the penalty phase. *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).

Defendant argues that the jury will be confused as to the concept of weighing aggravating and mitigating circumstances at the penalty phase of the proceeding, rendering the FDPA unconstitutional under the Eighth Amendment and the Due Process Clause. In support of his argument, Defendant cites several studies set forth in various social science journals and law journals that purport to demonstrate juror confusion regarding these concepts. These studies are based on data gathered from interviews with capital-case jurors in California, North Carolina, Oregon and other states. However, none of the studies appear to deal specifically with the FDPA.

▇▇▇ Defendant bears the burden of establishing that the FDPA is unconstitutional. *See, e.g., Lujan v. G & G Fire Sprinklers, Inc.,* 532 U.S. 189, 198, 121 S.Ct. 1446, 149 L.Ed.2d 391 (2001). This is a weighty burden for Defendant, since a "facial challenge to a legislative Act is . . . the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid. . . ." *United States v. Salerno,* 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987). Defendant's task is all the more difficult because under the canon of statutory construction, a statute must be construed to give it constitutional effect if possible.

*See, e.g., INS v. St. Cyr,* 533 U.S. 289, 299–300, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). Where a statute is susceptible of both constitutional and unconstitutional construction, a court is obligated to adopt the construction that avoids "grave and doubtful constitutional questions." *Jones v. United States,* 526 U.S. 227, 239, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)(quoting *United States ex rel. Attorney General v. Delaware & Hudson Co.,* 213 U.S. 366, 408, 29 S.Ct. 527, 53 L.Ed. 836 (1909)).

▇▇▇ Defendant is also up against a basic presumption underlying the system of trial by jury—that juries will follow the instructions given them by the trial judge.[2] *Marshall v. Lonberger,* 459 U.S. 422, 438 n. 6, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983) (quoting *Parker v. Randolph,* 442 U.S. 62, 73, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979)). The presumption that juries follow a trial court's instructions is overcome only if there is an "'overwhelming probability' that the jury will be unable to follow the court's instructions . . . and a strong likelihood that the effect of the evidence would be 'devastating' to the defendant." *Greer v. Miller,* 483 U.S. 756, 766 n. 8, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) (citing *Richardson v. Marsh,* 481 U.S. at 208, 107 S.Ct. 1702 and *Bruton v. United States,* 391 U.S. 123, 135, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968)); *see also United States v. Stone,* 9 F.3d 934, 938 (11th Cir.1993); *United States v. Perrone,* 936 F.2d 1403, 1410 (2d Cir.1991); *United States v. Colombo,* 909 F.2d 711, 715 (2d Cir.1990).

Other courts have been faced with one form or another of the instant motion, and

---

**2.** *See also United States v. Brown,* 983 F.2d 201, 203 (11th Cir.1993) ("the presumption that juries follow their instructions is necessary to any meaningful search for the reason behind a jury verdict"); *Richardson v. Marsh,* 481 U.S. 200, 206, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987) (describing the presumption as "almost invariable") (citing *Francis v. Frank-*

*lin,* 471 U.S. 307, 325 n. 9, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985)); *see also Zafiro v. United States,* 506 U.S. 534, 540–41, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993); *United States v. Reyes,* 18 F.3d 65, 71 (2d Cir.1994). As the Government points out, "our path already is illuminated by the Tenth Circuit's Pattern Jury Instructions. . . ." Doc. 305 at 4.

have rejected the premise on which it is based, as did the federal district court in Colorado:

> Defendant essentially asserts that the FDPA's penalty scheme is so confusing that a jury will never be able to comprehend the concepts of aggravating and mitigating factors, regardless of the instructions given, and will never be able to make a reasoned decision concerning whether to impose death sentence or a life sentence without the possibility of parole. I find no support for this assertion. Similar arguments, based on some of the same studies cited by Defendant in this case, have been rejected by other courts ... [citing other cases].

*U.S. v. Sablan*, 2006 WL 1028780, *7 (D.Colo.2006).

The *Sablan* court described the studies cited by Defendant in that case as "data gathered from interviews with capital-case jurors in California, North Carolina, Oregon and other states ..." and that none of the studies dealt specifically with the FDPA. *Id.*, at *7.

■ This Court agrees with the reasoning used by other courts, including *Sablan,* which have addressed—and rejected—the position taken by Defendant in this motion. *See United States v. Mikos,* No. 02 CR 137–1, 2003 WL 22110948, at *17–19 (N.D.Ill., Sept. 11, 2003) ('[t]here is no justification prior to trial for this court to hold that the sentencing jury will be unable to comprehend the provisions of the FDPA or the instructions provided by the court or counsel.'); *United States v. Regan,* 228 F.Supp.2d 742, 746 (E.D.Va.2002); *United States v. Llera Plaza,* 179 F.Supp.2d 444, 450 (E.D.Pa.2001) (studies cited "do not establish that the concepts of aggravating and mitigating factors as used in the FDPA bear such a degree of intrinsic 'incomprehensibility' as to render them incapable of clarification through adequate jury instructions"); *U.S. v. Perez,* No.

3:02CR7, 2004 WL 935260, at *2–*3 (D.Conn.Apr. 29, 2004) (finding "the empirical evidence presented by the defendants is too speculative to make assumptions about what a properly instructed jury might understand or misunderstand in this case" and that the "common areas of confusion" could be remedied through better jury instructions).

Defendant implies that courts have been cavalier about dismissing the same arguments he raises in this case, referring in particular to the treatment given to the issue by Judge Pollack in *U.S. v. Llera Plaza,* 179 F.Supp.2d 444 (E.D.Pa.2001). *See* Reply at 6. Contrary to Mr. Taylor's view of that court's analysis, I find the reasoning in *Llera* to be solid. I agree with Judge Pollack in finding that:

> ... there is nothing in the FDPA that can be said to raise an insuperable barrier to informed sentencing. To the extent that aggravating and mitigating factors are abstract concepts, they are capable of being rendered precise and concrete in the course of crafting instructions to the sentencing jury.... Statutory aggravating factors have been crafted by Congress. Some are reasonably precise ...; some are cast in rather general terms ...; all are susceptible of focused delineation in carefully drawn jury instructions. With respect to non-statutory aggravating factors and mitigating factors, Congress has, in effect, delegated authorship to government counsel and defense counsel, respectively-subject, in both instances, to the oversight of the trial judge. Here again, the key to clarity, and hence to comprehensibility, lies in the jury instructions. 179 F.Supp.2d at 449–50.

In particular, Judge Pollack's analysis went straight to the foundation of defendants' arguments which were based on

empirical studies (much as they are here), noting that:

> the studies do not establish that the concepts of aggravating and mitigating factors as used in the FDPA bear such a degree of intrinsic "incomprehensibility" as to render them incapable of clarification through adequate jury instructions such as those to be crafted in the instant case, if a sentencing hearing is required. The studies are thus insufficient to support the defendants argument.

179 F.Supp.2d at 450 n. 5; *see also U.S. v. Fell*, 372 F.Supp.2d 753, 756 (D.Vt.2005) (characterizing defendants' claim in *Llera* to be "well analyzed, and rejected").

Based on the foregoing discussion, I find and conclude that Defendant's claims that the FDPA is unconstitutional because it is incomprehensible to jurors has no merit and shall be denied.

**THEREFORE,**

**IT IS ORDERED** that Defendant Taylor's Motion to Declare the Federal Death Penalty Act Unconstitutional Because it is Incomprehensible To Jurors and Results in the Arbitrary Application of the Death Penalty (**Doc. 272**) is hereby DENIED for reasons described above in this Memorandum Opinion and Order.