NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PACIFIC MECHANICAL CORPORATION, a California corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CITY OF SAN LUIS OBISPO; et al., <br><br> Defendants - Appellees. | No. 08-55873 <br><br> D.C. No. 2:08-cv-00109-PA-E <br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted November 6, 2009**
Pasadena, California

Before: BRIGHT,*** Senior Circuit Judge. and BYBEE and M. SMITH, Circuit
Judges.

---

       *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

       **     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

       ***     The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Plaintiff-Appellant Pacific Mechanical Corp. (PMC) appeals the district court's dismissal pursuant to Federal Rule Civil Procedure 12(b)(6) of claims brought against the City of San Luis Obispo (City). We assume the parties' familiarity with the facts and do not recount them here, except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, review de novo the district court's Rule 12(b)(6) dismissal, *Biltmore Assocs., LLC v. Twin City Fire Ins. Co.*, 572 F.3d 663, 668 (9th Cir. 2009), and affirm.

"A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution." *Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 996 (9th Cir. 2007) (internal quotation marks omitted). PMC argues that it has been denied due process with respect to two property interests: 1) its right to receive payments under the contract; and 2) its cause of action for breach of contract.

PMC's purported property interest with respect to the contract is based entirely on its belief that it is entitled to $1,277,800–the amount of liquidated damages the City assessed. Without citing any authority, PMC argues that "liquidated damages only operate when the contractor is otherwise entitled to be paid." To the contrary, liquidated damages have been defined by the California courts as "'an amount of compensation to be paid *in the event of a breach of*

2

*contract*, the sum of which is fixed and certain by agreement . . . .'" *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1002 (9th Cir. 2002) (emphasis added) (quoting *Kelly v. McDonald,* 276 P. 404, 406 (Cal. Dist. Ct. App. 1929)). Therefore, while PMC may pursue a contractual right for the amount of liquidated damages assessed against it, it has no present entitlement to that money. As a result, PMC is fully protected by an ordinary breach of contract suit. *See Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189, 196-97 (2001).

In addition, PMC has no present entitlement to the money under the contract's explicit terms. *See Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998) (looking to contract to find potential source of entitlement). Rather, whether the City is owed liquidated damages due to PMC's "unexcused performance" is left entirely within the City Engineer's discretion.

With respect to PMC's state law cause of action for breach of contract, that cause of action has not been reduced to a final judgment. *See Ileto v. Glock, Inc.*, 565 F.3d 1126, 1141 (9th Cir. 2009) ("We have squarely held that although a cause of action is a species of property, a party's property right in any cause of action does not vest until a final unreviewable judgment is obtained." (internal quotation marks omitted)). Indeed, PMC has not even commenced a breach of contract

3

action in state court. Even if PMC has a vested property right in its breach of contract action, it has not been deprived of due process.

Finally, PMC's failure to assert a constitutionally protected property interest also forecloses its ability to state a substantive due process claim. *Engquist*, 478 F.3d at 996. In addition, the district court properly held that nothing about the conduct of the City can be fairly considered to "shock[] the conscience." *Matsuda v. City and County of Honolulu*, 512 F.3d 1148, 1156 (9th Cir. 2008).

**AFFIRMED.**