**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| AMEDEE GEOTHERMAL VENTURE I, | No. 13-17508 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-02483-MCE-DAD |
| v. | |
| LASSEN MUNICIPAL UTILITY DISTRICT, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted December 7, 2015
San Francisco, California

Before: WARDLAW, W. FLETCHER, and MURGUIA, Circuit Judges.

Amedee Geothermal Venture I ("AGVI") appeals from the district court's

order granting summary judgment to Lassen Municipal Utility District ("LMUD")

on federal constitutional claims brought by AGVI against LMUD. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court held that LMUD is not subject to municipal entity liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), because there was no evidence that LMUD's Board of Directors ("Board") voted to authorize a change in the voltage of a power line serving AGVI's geothermal power plant. AGVI argues on appeal that the evidence shows that the voltage change was part of a capital improvement plan presented to LMUD's Board. Although we agree with AGVI that there is a genuine issue of material fact as to whether LMUD could be liable for any constitutional violation under *Monell*, the district court was correct in its alternative holding that AGVI failed to show any constitutional violation.

We find no Fourth Amendment violation in LMUD's unilateral conversion of the power line from 34.5 kilovolts (kV) to 12.47 kV. There is no authority supporting AGVI's argument that its asserted contractual right to a 34.5 kV power line constitutes a property interest protected against seizure by the Fourth Amendment. *United States v. Jefferson,* 566 F.3d 928 (9th Cir. 2009), which dealt with a criminal defendant's interest in the timely delivery of a package, does not extend to this case. Moreover, AGVI has not offered evidence that LMUD's actions were motivated by an "administrative purpose"—for example, to conduct an administrative inspection or other regulatory enforcement—that might implicate

2

the Fourth Amendment. *See United States v. Attson*, 900 F.2d 1427, 1430 (9th Cir. 1990); *see also Camara v. Mun. Ct.*, 387 U.S. 523, 535 (1967).

AGVI's Fourteenth Amendment procedural due process claim also fails. AGVI may have waived this claim by not clearly asserting it in briefing on summary judgment below. But even if the claim was adequately preserved, it fails as a matter of law because AGVI has not shown a deprivation of property cognizable under the Due Process Clause of the Fourteenth Amendment. AGVI points to the statement in *San Bernardino Physicians' Services Medical Group v. San Bernardino County*, 825 F.2d 1404, 1407–08 (9th Cir. 1987), that "a contract can create a constitutionally protected property interest" under the Due Process Clause. *Id.* But *San Bernardino* went on to clarify that "not *every* interference with contractual expectations" is a constitutional violation. *Id.* at 1408. AGVI's asserted right to a particular voltage "cannot sensibly be distinguished from . . . purely material supply contracts" which do not give rise to property interests protected by procedural due process under the Fourteenth Amendment. *See id.* at 1410. In any case, a common law contract and/or tort action provides adequate process for AGVI to challenge the alleged contractual breach. *See Lujan v. G&G Fire Sprinklers, Inc.*, 532 U.S. 189, 196 (2001).

LMUD's Motion to Take Judicial Notice is **DENIED** as moot.

**AFFIRMED.**