[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13957
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cv-01595-HES-PDB

JOHN KEANE,

Plaintiff - Appellant,

versus

JACKSONVILLE POLICE FIRE AND PENSION FUND BOARD OF
TRUSTEES,
THE CITY OF JACKSONVILLE,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 22, 2019)

Before WILSON, ROSENBAUM and HULL, Circuit Judges.

PER CURIAM:

Appellant John Keane appeals from the district court's order granting Appellees Jacksonville Police Fire and Pension Fund Board of Trustees and the City of Jacksonville's partial motion to dismiss. After careful review, we affirm the district court's order.

Keane was an employee of the Jacksonville Police and Fire Pension Fund Board of Trustees ("Board"), an independent agency of the city of Jacksonville, Florida ("City"). During Keane's tenure, the Board established a retirement plan for senior staff members, such as Keane, called the Senior Staff Voluntary Retirement Plan ("SSVRP"). Keane participated in the plan, meeting all of its requirements. In 2015 Keane retired and began receiving SSVRP benefits.

In 2016, the City's General Counsel concluded that the Board lacked the legal authority under Florida law to establish the SSVRP. The City sent Keane a letter informing him that the City would no longer pay him the benefits described in the SSVRP but that, instead, he would receive benefits under the less-generous General Employee Retirement Plan ("General Plan"). The change meant that Keane would receive $7,253.37 every two weeks (approximately $188,578 annually), which was less than he was due to receive under the SSVRP.

Keane sued the Board and the City in federal court. Keane claimed, under 42 U.S.C. § 1983, that the change in his retirement plan violated the Due Process and Takings Clauses. He also sought a declaration that the SSVRP was legal under

2

Florida law and alleged that the change in his retirement plan was a breach of his employment contract.

The Board and the City moved to dismiss Keane's federal claims for failure to state a claim upon which relief could be granted, and for the court to decline to exercise jurisdiction over his state-law claims. They argued that, assuming that the SSVRP was legal under Florida law, Keane lacked a property interest in the SSVRP under the Due Process Clause and that, even if he had one, a post-deprivation breach-of-contract action was constitutionally sufficient process. Similarly, they argued that Keane lacked a property interest in the SSVRP under the Takings Clause and that, even if he had one, the change in retirement plans did not constitute a "taking" of his property.

The district court granted the motion to dismiss. It found that Keane lacked a property interest protected by the Due Process Clause and that, even if he had one, a post-deprivation breach-of-contract action is constitutionally sufficient process. And while the district court acknowledged that a contract can give rise to a property interest that is protected under the Takings Clause, it found that Keane had not been deprived of that interest because he retained his ability to sue the City and the Board for breach of contract. Having dismissed Keane's federal-law claims, the court declined to exercise jurisdiction over Keane's state-law claims and dismissed them without prejudice. Keane subsequently filed his state-law claims in Florida court.

3

This appeal followed.

We review *de novo* a decision to dismiss for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 856 F.3d 1338, 1339 (11th Cir. 2017). Applying that standard, we affirm the district court's order.

A § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process. *J.R. v. Hansen*, 803 F.3d 1315, 1320 (11th Cir. 2015). Even assuming without deciding that Keane's interest in the SSVRP benefits was protected under the Due Process Clause, Keane's due-process claim fails because the process available to him is constitutionally adequate.

Due process "is a flexible concept that varies with the particular circumstances of each case." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). As articulated in *Mathews v. Eldridge*, we must account for "three distinct" factors" in identifying "the specific dictates of due process":

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and

4

administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. 319, 335 (1976).

When we apply those factors to the "particular circumstances" of this case, *Grayden*, 345 F.3d at 1232, we conclude Keane's post-deprivation state-law breach-of-contract action is constitutionally sufficient to protect his interest in receiving the SSVRP benefits rather than the General Plan benefits.  Keane certainly would prefer to receive the more-generous SSVRP benefits rather than the General Plan benefits.  But deprivation of the SSVRP benefits pending resolution of the dispute leaves Keane with an income of about $188,578 per year.  In other words, Keane is not deprived of his livelihood in the meantime.

Second, the core dispute is over whether the SSVRP was legal under Florida law—a question that would need to be resolved in a breach-of-contract action, anyway—so further process would not meaningfully reduce the risk of erroneous deprivation.  Finally, the Board and City have a strong interest in lawfully carrying out their responsibilities, including in the administration of employee retirement plans.  In light of those circumstances, Keane's pending breach-of-contract claim is adequate process to protect his interest in the SSVRP.  *See Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189 (2001).

Next, to state a claim for a violation of the Takings Clause, Keane must first show "that he possesses a 'property interest' that is constitutionally protected."

5

*Givens v. Ala. Dep't of Corrs.*, 381 F.3d 1064, 1066 (11th Cir. 2004).  If he were to make such a showing, he would also have to demonstrate that "the deprivation or reduction of that interest constitutes a 'taking.'"  *Givens*, 381 F.3d at 1066.  Again, assuming without deciding that Keane's contract-based interest in the SSVRP is of the protected variety, the district court properly dismissed his claim because the City and Board did not "take" Keane's rights under his contract.

Where a party's rights were "voluntarily created by contract" with a government, "interference with such contractual rights generally gives rise to a breach claim not a taking claim."  *Baggett Transp. Co. v. United States*, 969 F.2d 1028, 1034 (Fed. Cir. 1992).  That is because, "despite breaking the contract, the government did not take [Keane's] property because [he] retained the range of remedies associated with vindication of a contract," such as a breach-of-contract claim.  *Castle v. United States*, 301 F.3d 1328, 1342 (Fed. Cir. 2002).  Here, Keane has not shown that he was deprived of the range of remedies associated with vindication of his contract, so the district court was correct to conclude that he had not stated a claim for a violation of the Takings Clause.

**AFFIRMED.**