NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SMITA SANGHVI and MOUNTAIN VIEW
CENTERS, INC.,

      Appellants,

 v.

COUNTY OF SAN BERNARDINO, a
municipal corporation; et. al.,

      Appellees.

No.   21-55422

D.C. No.   CV-20-11437-PA-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted February 15, 2022[**]
Pasadena, California

Before: BRESS and BUMATAY, Circuit Judges, and BENITEZ,[***] District
Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

Smita Sanghvi and Mountain View Centers, Inc. (collectively, "Appellants"), appeal a district court order granting a motion to dismiss filed by the County of San Bernardino, California, Adriane Picazo, and Jesse Archer (collectively, "Appellees"). We review de novo a district court's decision to grant a motion to dismiss, *Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1167 (9th Cir. 2013), and we affirm.

I

Appellants' Section 1983 claim alleges violations of the Fourth Amendment, Due Process and Equal Protection Clauses, and vicarious liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The district court correctly dismissed on all theories of liability.

Due Process

There was no deprivation of due process here. Appellants can seek a remedy under California law for any damages suffered due to any alleged breach of contract claim. California law thus affords Appellants sufficient opportunity to pursue their breach of contract claim in state court. Accordingly, we conclude that the California statutory scheme does not deprive Appellants of their claim for damages without due process of law. *See Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189, 195 (2001) (holding that a California law which provided sufficient opportunity to pursue payment in state court did not violate due process).

Appellants' attempt to distinguish *Lujan* from the present case fails. First, Appellants do not have a property interest in the residents of the facility. Second, Appellants were not deprived of pursuing their occupation because Mountain View remained open and the County did not seize their property. Finally, under California Probate Code § 2351(a), the right to the care, custody, and control of conservatees is reserved expressly to the conservator. Under Section 2352, this includes the authority to establish the residence of the ward at any place within the State without permission of the Court. Appellants had no "present entitlement" to control the housing decisions of the conservatees in their facility under state conservatorships. *See Lujan*, 532 U.S. at 196.

Appellants' substantive due process claim fails too. To establish a violation of substantive due process, Appellants are required to prove that the County's actions were "'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare.'" *Sinaloa Lake Owners Ass'n. v. City of Simi Valley*, 882 F.2d 1398, 1407 (9th Cir. 1989) (quoting *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395 (1926)). To constitute a violation of substantive due process, the alleged deprivation must "shock the conscience and offend the community's sense of fair play and decency." *Marsh v. Cty. of San Diego*, 680 F.3d 1148, 1154 (9th Cir. 2012) (citation and internal quotation marks omitted). Appellants fail to demonstrate how a decision to remove conservatees from an

environment where there are allegations of sexual assault (even if they are later found out to be false) either "shock[s] the conscience" or "offend[s] the community's sense of fair play." *Id.*

Equal Protection

Appellants did not brief the Equal Protection Clause issue to this Court. We therefore decline to reach the issue. *See, e.g.*, *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

*Monell*

Appellants' complaint fails to point to any specific "policy or custom" that resulted in a constitutional deprivation. *Monell*, 436 U.S. at 694. Appellants' conclusory allegation that Appellees "acted under color of statutes, regulations, customs, and usages of the County of Los Angeles, County of San Bernardino and the State of California for purposes of 'state action' and 'color of law' under 42 U.S.C. § 1983" is insufficient to state a claim under *Monell*.

Fourth Amendment

The Fourth Amendment protects people from unreasonable searches and seizures of "their persons, houses, papers, and effects." U.S. CONST. amend. IV. Appellants' complaint does not specify what their property interest is in this case. The opposition to Appellees' motion to dismiss indicates that the property interest

is the residents. However, because Appellants do not have a property interest in the residents, their Fourth Amendment claim fails

## II

Federal Fair Housing Act

Appellants' complaint contains no allegations of how the County's decision to remove residents was based on a protected status under the FHA. To the contrary, Appellants assert the decision to remove residents was based on an incorrect report that one of the residents had sexually assaulted other residents. Appellants' complaint thus demonstrates there were non-discriminatory reasons for the removal of the patients from their facilities.

**AFFIRMED.**