287 F.3d 748
 Dean DEBOER; Luanne DeBoer, Plaintiffs-Appellants,
v.
Corrine PENNINGTON; Carol Browder; Jane Doe Douglas; Timothy Carpenter; Jane Doe Disend; Jane Doe Little; Jane Doe Ayers; John Doe Bjornson; Jane Doe Hanna; Jane Doe Gischer; Jane Doe Knutson; Jane Doe Hall; John Doe Pennington; John Doe Browder; Jane Doe Rowe, Defendants-Appellees,
City of Bellingham; Tim Douglas; Lynn Carpenter; Bruce Disend; Richard Little; Bruce Ayers; Louise Bjornson; Arne Hanna; Pat Rowe; Don Gischer; Gene Knutson; Bob Hall, Defendants-Counter-Claimants-Appellees.
 No. 97-35363.
 United States Court of Appeals, Ninth Circuit.
 March 5, 2002.
 
 1
 On Remand from the United States Supreme Court. D.C. No. CV-95-01402-WLD.
 
 
 2
 Before: CANBY and TASHIMA, Circuit Judges, and TAKASUGI,* Senior District Judge.
 
 
 3
 Order; Partial Concurrence and Partial Dissent by Judge TASHIMA; Concurrence by Judge CANBY.
 
 ORDER
 
 4
 Following this court's decision in this matter,[1] defendant-appellant City of Bellingham ("City") petitioned for a writ of certiorari in the United States Supreme Court challenging this court's ruling on the due process claim of plaintiffs-appellees Dean DeBoer and Luanne DeBoer ("DeBoers") raising questions as to whether there is due process protection here and, assuming due process protection, whether the common law remedy for breach of contract provides adequate process.
 
 
 5
 The Supreme Court granted the writ of certiorari and has vacated the judgment and remanded the case to this court for further consideration in light of Lujan v. G & G Fire Sprinklers, Inc., 532 U.S. 189, 121 S.Ct. 1446, 149 L.Ed.2d 391 (2001).[2]
 
 
 6
 Because the Court in Lujan assumed, without deciding, that the interest in question was subject to due process protection and only addressed the issue of whether adequate process was accorded, id. at 1451, the issue before this court is whether the common law remedy for breach of contract under Washington state law provides the DeBoers with all the process due for the deprivation of their contractual property interests committed by the City.
 
 
 7
 Upon a careful reading of Lujan, it appears that the common law breach of contract claim provides adequate process for the deprivation of a property right derived from a contract, unless the deprivation constitutes a denial of a present entitlement. The Supreme Court has described "present entitlement" as "a right by virtue of which [one is] presently entitled either to exercise ownership dominion over real or personal property, or to pursue a gainful occupation." Lujan, 121 S.Ct. at 1451. We need not decide whether this list of examples is exhaustive. In the circumstances presented here, the DeBoers, like the plaintiff in Lujan, are fully protected by an ordinary breach of contract suit. Although the deprivation to the DeBoers, being the total termination of the contract, is greater than that suffered by the plaintiff in Lujan, the interest injured is still merely a contractual interest and the injury to the DeBoers is no more than a contractual injury. In other words, the contract here has not given rise to a greater interest than the contract itself, and so a wrongful termination of the contract may be fully remedied by a common law breach of contract claim.
 
 
 8
 Upon remand, the district court is directed to dismiss the DeBoers' due process claim. This court's prior ruling on the DeBoers' Fourth Amendment claim is reinstated.
 
 
 9
 REVERSED AND REMANDED WITH INSTRUCTIONS.
 
 
 10
 TASHIMA, Circuit Judge, concurring in part and dissenting in part.
 
 
 11
 I concur in the Order of Remand insofar as it confirms our prior ruling on DeBoer's Fourth Amendment claim, but I respectfully dissent from its dismissal of his due process claim. Dismissal is not required by Lujan v. G and G Fire Sprinklers, Inc., 532 U.S. 189, 121 S.Ct. 1446, 149 L.Ed.2d 391 (2001).
 
 
 12
 The majority correctly reads Lujan's holding:
 
 
 13
 Upon a careful reading of Lujan, it appears that the common law breach of contract claim provides adequate process for the deprivation of a property right derived from a contract, unless the deprivation constitutes a denial of a present entitlement. The Supreme Court has described "present entitlement" as "a right by virtue of which [one is] presently entitled either to exercise ownership dominion over real or personal property, or to pursue a gainful occupation."
 
 
 14
 Order of Remand at 3518-19 (quoting Lujan, 121 S.Ct. at 1451) (emphases added).
 
 
 15
 As I noted in my earlier concurring opinion, we left open in San Bernardino Physicians' Serv. Med. Group, Inc. v. County of San Bernardino, 825 F.2d 1404, 1409 (9th Cir.1987), the question of whether termination of the kind of contract involved in this case is entitled to Fourteenth Amendment protection. Viewing the evidence in the light most favorable to DeBoer, at the time termination occurred, D and M Operating Company had been transformed into a sole proprietorship — DeBoer was D and M. See DeBoer v. Pennington, 206 F.3d 857, 868 (9th Cir.2000). The City's termination letter of January 31, 1995, recognizes DeBoer as "the principal" of D and M. Article I of the Agreement provides that "this Agreement is one for personal services." (Emphasis added.) Article XI.B goes on to provide that "[n]one of the services covered by this Agreement shall be subcontracted by the Manager without prior written consent of the City...." Upon the City's insistence, in late 1994, DeBoer withdrew from his other business ventures to devote his full time to the management of the cemetery. Thus, all available indicia are that this was a five-year, personal service contract, terminable only for cause.[1]
 
 
 16
 Lujan does not foreclose our consideration of the kind of case contemplated by and left open by San Bernardino Physicians as eligible for due process protection.[2] Upon the facts of this case, DeBoer was deprived of his right "to pursue his gainful occupation," i.e., to render his personal services to the city under the five-year, personal service contract. The majority does not tell us why the termination of DeBoer's personal service contract is not entitled to due process protection. I submit that, under Lujan and San Bernardino Physicians, DeBoer should be entitled to pursue his due process claim.
 
 
 
 Notes:
 
 
 *
 The Honorable Robert M. Takasugi, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 DeBoer v. Pennington, 206 F.3d 857 (9th Cir.2000).
 
 
 [2]
 City of Bellingham v. DeBoer, 532 U.S. 992, 121 S.Ct. 1651, 149 L.Ed.2d 635 (2001).
 
 
 [1]
 Judge Canby's concurrence depends on an understanding of the facts which is based on drawing all inferencesagainst DeBoer, instead of in his favor, as required by our summary judgment jurisprudence.
 
 
 [2]
 Lujan does not purport to define exhaustively what constitutes a "present entitlement" for purposes of due process protection. By any reasonable measure, however, a personal service contract, under which one is required to spend full time rendering that personal service, is a contract under which one is presently entitled to pursue a gainful occupation.
 
 
 
 17
 CANBY, Circuit Judge, concurring.
 
 
 18
 I concur fully in the order of remand. I am not persuaded by Judge Tashima's dissenting view that D & M Operating Company's contract with the City created the kind of personal employment status protected under the doctrine of Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). The "Management Agreement" between D & M Operating Company (designated as "Manager") contemplated that D & M would utilize employees in carrying out its contract with the City. The Agreement conferred no personal, constitutionally-protected status upon DeBoer. The mere fact that D & M, as an entity, contracted to supply personal services to the City does not vest it with an interest protected by the due process clause; D & M stands in the position of a supplier, not in that of a tenured employee. See Physicians' Servs. Med. Group, Inc. v. County of San Bernardino, 825 F.2d 1404, 1409 (9th Cir.1987). The remand order is therefore correct in directing the dismissal of the DeBoers' due process claim.