
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARGARET VUKSANOVICH-DUNN, a married woman, and DONNIE BROWN, a single woman

          Plaintiff-counter-defendant - Appellant,

  v.

MIAMI UNIFIED SCHOOL DISTRICT NO. 40, of Gila County, a political subdivision of the State of Arizona

          Defendant-counter-claimant - Appellee.

No. 12-15350

D.C. No. 2:10-cv-01180-RRB

**MEMORANDUM** *

Appeal from the United District Court
for the District of Arizona
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted December 6, 2013
San Francisco, California

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GOULD and PAEZ, Circuit Judges, and BURNS, District Judge.[**]

Vuksanovich-Dunn and Brown appeal the district court's entry of summary judgment against them on their federal constitutional claims. They argue that being required to contribute to the cost of health insurance pursuant to an early retirement agreement that promised to "furnish" it—and after the Miami Unified School District had paid for it entirely for almost three years—constitutes a violation of the Due Process Clause, Takings Clause, and Contract Clause. The district court disagreed, holding that they had no constitutionally protected property interest in no-cost health insurance. We affirm.

A claim under the Due Process Clause and the Takings Clause requires, in the first instance, a constitutionally protected property interest in whatever has been deprived by state action. *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (Due Process Clause); *McIntyre v. Bayer*, 339 F.3d 1097, 1099 (9th Cir. 2003) (Takings Clause). A contract *can* create a constitutionally protected property interest. *San Bernardino Physicians' Servs. Med. Grp, Inc. v. Cnty. of San Bernardino*, 825 F.2d 1404, 1407–08 (9th Cir. 1987). So can

---

[**] The Honorable Larry A. Burns, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

"policies and practices that create a legitimate claim of entitlement to a government benefit." *Gerhart v. Lake Cnty., Mont.*, 637 F.3d 1013, 1020 (9th Cir. 2011).

In both instances, however, there must be a clear and mutual understanding that the entitlement exists. *See id.*; *Cnty. of San Bernardino*, 825 F.2d at 1408; *see also Hyland v. Wonder*, 972 F.2d 1129, 1140 (9th Cir. 1992) ("First, an understanding must be mutually explicit before it can rise to the level of an entitlement." (internal quotation marks omitted)). In this case, the parties contest the property interest Dunn and Brown assert, and their need to present parol evidence to clarify the meaning of "furnish," is fatal to their Due Process and Takings Clause claims. *Alday v. Raytheon Co.*, 693 F.3d 772, 783 (9th Cir. 2012), is distinguishable. In that case, the collective bargaining agreement at issue established a clear right to no-cost health insurance for retirees.

Dunn and Brown's Contract Clause claim fails for similar reasons. Federal law requires that a contracting government entity must "evince a clear and unmistakable indication" that it "intends to bind itself" as alleged for the purposes of the Contract Clause. *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 737 (9th Cir. 2009). The meaning of the word "furnish" in Dunn and Brown's contract with the District is contested by the parties, and the fact that each offers a reasonable interpretation of the word demonstrates that its

3

meaning isn't so clear and unmistakable as to establish a Contract Clause violation. Moreover, breaching a contract and impairing one aren't the same thing. As long as a party can recover damages for a breach, the Contract Clause's ban on "impairing the Obligation of Contracts" is not implicated. *Univ. of Haw. Prof'l Assembly v. Cayetano*, 183 F.3d 1096, 1102–03 (9th Cir. 1999).

We have previously recognized the need to preserve the distinction between the state law of public contracts and federal constitutional law, lest every contract dispute with a government entity be elevated into a case of constitutional consequence. *Cnty. of San Bernardino*, 825 F.2d at 1409–10. And we have previously favored the dismissal of federal constitutional claims where state breach of contract claims were adequate to vindicate a plaintiff's interests. *See DeBoer v. Pennington*, 287 F.3d 748, 749–50 (9th Cir. 2002). This is just that kind of case. The district court properly entered summary judgment for the District on Dunn and Brown's constitutional claims, and also properly remanded their surviving state law claims to state court. Nothing in our opinion, or that of the district court, should be read as a comment on the merits of those surviving contract claims.

**AFFIRMED.**

4