**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANK KONARSKI, husband; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CITY OF TUCSON, a body politic; et al., <br><br> Defendants - Appellees. | No. 12-17703 <br><br> D.C. No. 4:11-cv-00612-LAB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Leslie Ann Bowman, Magistrate Judge, Presiding

Argued and Submitted February 12, 2015
San Francisco, California

Before: HAWKINS, PAEZ, and BERZON, Circuit Judges.

Frank, Gabriela, Patricia, John, and Frank E. Konarski ("the Konarskis")

appeal from the district court's grant of summary judgment in favor of the City of

Tucson and three city officials (collectively, "the City") on civil rights claims

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

brought under 42 U.S.C. § 1983. They also appeal from the court's denial of leave to amend their First Amended Complaint.

We have jurisdiction under 28 U.S.C. § 1291. For the reasons stated below, we affirm in part, reverse in part, and remand for further proceedings on the Konarskis' "class of one" equal protection claim.

**1.** We review *de novo* the district court's grant of summary judgment in favor of the City. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011). We view the evidence in the light most favorable to the non-moving party and determine (1) whether there are any genuine issues of material fact and (2) whether the district court correctly applied the relevant substantive law. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004); Fed. R. Civ. P. 56(a).

**2.** Although the Konarskis have conflated their procedural and substantive due process arguments at times, we address them separately. We affirm the district court's summary judgment ruling on the Konarskis' procedural due process claims. As a threshold requirement, a plaintiff alleging a due process violation must demonstrate a deprivation of a constitutionally protected liberty or property interest. *Dittman v. California*, 191 F.3d 1020, 1029 (9th Cir. 1999). The Konarskis failed to allege any constitutionally protectable liberty or property interest in support of their procedural due process claim. First, they failed to show

2

"a complete prohibition" on their ability to pursue their professions as landlords. *Id.* (quoting *Conn v. Gabbert*, 526 U.S. 286, 292 (1999)). Second, they failed to establish a protectable property interest in Section 8 program participation. *See Gerhart v. Lake Cnty., Mont.*, 637 F.3d 1013, 1019 (9th Cir. 2011) (holding that any claim of entitlement to a government benefit must be supported by an independent source). Finally, to the extent that the Konarskis did have a property interest in the rescinded Housing Assistance Payment contracts, a state law breach of contract action "provides adequate process for the deprivation of a property right derived from a contract." *See DeBoer v. Pennington*, 287 F.3d 748, 749 (9th Cir. 2002) (citing *Lujan v. G&G Fire Sprinklers, Inc.*, 532 U.S. 189, 196 (2001)).

3. We also affirm the district court's summary judgment ruling on the Konarskis' substantive due process claim. They did not allege government conduct sufficiently "egregious" to constitute a substantive due process violation. *See Shanks v. Dressel*, 540 F.3d 1082, 1088 (9th Cir. 2008) (quoting *Lewis v. Cnty. of Sacramento*, 523 U.S. 833, 846 (1998)).

4. The district court erred, however, in finding no genuine factual dispute on the Konarskis' equal protection claim. *See* Fed. R. Civ. P. 56(a). The Konarskis supported their "class of one" theory with video evidence that a city official informed one of the Konarskis' prospective tenants that there was a "personal

3

vendetta" between the City and the Konarskis. When evidence tends to show that an otherwise rational basis is pretext for genuine animosity, summary judgment is improper. *See Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 947 (9th Cir. 2004), *overruled on other grounds by Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 542 (2005). Because there was evidence in the record which, if credited by a trier of fact, could support the Konarskis' claim that they were treated differently without any rational basis, we reverse the summary judgment ruling and remand for further proceedings.[1]

**5.** The district court did not abuse its discretion in denying the Konarskis' request for leave to amend their First Amended Complaint. *See Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010). The Konarskis' proposed Second Amended Complaint added new racial discrimination claims under 42 U.S.C. §§ 1981 and 1985, but it did not allege facts plausibly showing that the City intentionally discriminated against the Konarskis on the basis of race. Therefore,

---

[1]We recognize that the Konarskis' civil rights claim against the City of Tucson as a municipality is governed by *Monell v. N.Y.C. Dep't of Soc. Servs.*, which requires an additional showing of a governmental "policy or custom." 436 U.S. 658, 694 (1978). The City did not move for summary judgment on the basis that the alleged civil rights violations were not "part of an accepted pattern and practice," and instead focused on whether the Konarskis presented evidence of a constitutional violation. Accordingly, our discussion is limited to the constitutional issue.

4

the district court did not abuse its discretion when it determined that the proposed amendments would be futile. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004).

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART and REMANDED.**