**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| EL DORADO COMMUNITY SERVICE CENTER, | No.    17-55134 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-07998-JFW-MRW |
| v. | |
| COUNTY OF LOS ANGELES, a municipal corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted July 11, 2018[**]
Pasadena, California

Before:  FISHER,[***] WATFORD, and FRIEDLAND, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

**1.** The district court correctly held that El Dorado Community Service Center failed to adequately plead any of its claims under 42 U.S.C. § 1983.

First, the district court properly dismissed El Dorado's procedural due process and takings claims. The Supreme Court has held that a "common law breach of contract claim provides adequate process for the deprivation of a property right derived from a contract, unless the deprivation constitutes a denial of a present entitlement." *DeBoer v. Pennington*, 287 F.3d 748, 749–50 (9th Cir. 2002) (discussing *Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189 (2001)). El Dorado was not denied a present entitlement here. Like the plaintiff in *Lujan*, El Dorado "has only a claim that it [complied] with [the] terms [of a government contract] and therefore that it is entitled to be paid in full." *Lujan*, 532 U.S. at 196. Thus, even if we assume that El Dorado has a constitutionally protected property interest, its interest is "fully protected by an ordinary breach-of-contract suit." *Id.* El Dorado also does not have a cognizable takings claim because it has not sought compensation through a state breach-of-contract suit and been denied just compensation. *See Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194–95 (1985).

Second, the district court properly dismissed El Dorado's equal protection claim. Even if the class-of-one theory applies here, *see Village of Willowbrook v.*

*Olech*, 528 U.S. 562, 564–65 (2000), El Dorado did not plead sufficient facts to state a claim under that theory. In its First Amended Complaint, El Dorado supported its allegation that the County of Los Angeles treated it differently from similarly situated medical service providers with only one conclusory statement. It did not, for example, point to any specific similarly situated medical service providers and attempt to show that the County had paid them more. Nor did El Dorado plead sufficient facts to support its claim that there was no rational basis for the alleged difference in the County's treatment.

Finally, the district court properly dismissed El Dorado's substantive due process claim. Contractual rights are not fundamental rights under the substantive due process framework. *Cf. Washington v. Glucksberg*, 521 U.S. 702, 720 (1997); *Franceschi v. Yee*, 887 F.3d 927, 937 (9th Cir. 2018). Therefore, only rational basis review applies. *Franceschi*, 887 F.3d at 939. El Dorado did not plead sufficient facts to support its claim that the County's alleged failure to pay for some of its medical services was irrational.

**2.** The district court properly dismissed El Dorado's § 1983 claims without leave to amend. We agree with the district court that "further amendment would be futile." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). On appeal, El Dorado "has failed to set forth any facts which [it] could add

to save [its] complaint." *In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 991 (9th Cir. 1999), *abrogated on other grounds by Tellabs, Inc. v. Makor Issues and Rights, Ltd.*, 551 U.S. 308 (2007).

**3.** The district court did not err in declining to exercise supplemental jurisdiction and in dismissing El Dorado's state law claims without prejudice. When all federal claims have been properly dismissed, as El Dorado's § 1983 claims have been here, a district court should usually decline to exercise supplemental jurisdiction over remaining state law claims. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

**AFFIRMED.**