16-978-cv
DeMartino v. NYS Dep't of Labor, et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand seventeen.

PRESENT: JOHN M. WALKER, JR.,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　*Circuit Judges*,
　　　　　　JOHN F. KEENAN,
　　　　　　　　*District Judge.**

---

FRANK DEMARTINO, TADCO CONSTRUCTION CORPORATION,

　　　　　　　　*Plaintiffs-Appellants*,

　　　　　　v.　　　　　　　　　　　　　　No. 16-978-cv

NEW YORK STATE DEPARTMENT OF LABOR, DORMITORY AUTHORITY OF THE STATE OF NEW YORK, PETER M. RIVERA, JOHN PADULA, JOHN W. SCOTT, DENNIS MONAHAN,

　　　　　　　　*Defendants-Appellees*,

---

* Judge John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

JOHN DOES 1–10,

*Defendants*.

---

FOR APPELLANTS: BRYAN HA, Attorney at Law, White Plains, NY.

FOR APPELLEES: SETH M. ROKOSKY, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY, *for* New York State Department of Labor, Peter M. Rivera, John Padula, and John W. Scott.

SUSAN P. GREENBERG, Of Counsel (Richard Dearing, Devin Slack, Of Counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY, *for* Dormitory Authority of the State of New York and Dennis Monahan.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).   UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and the appeal is DISMISSED in part.

TADCO Construction Corporation and Frank DeMartino (collectively,

2

"TADCO") appeal from a judgment of the District Court (Matsumoto, J.) dismissing their claims against the New York State Department of Labor ("DOL") and three of its employees, as well as the Dormitory Authority of the State of New York ("DASNY") and one of its employees. Seeking both money damages and injunctive relief, TADCO alleged that the defendants violated TADCO's due process rights, committed an abuse of process, and engaged in a conspiracy when they withheld payments to TADCO without promptly providing an administrative hearing. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and dismiss in part.

TADCO first argues that the defendants[2] violated its procedural due process rights by failing to promptly convene a post-deprivation hearing on (1) the 2007 records withholding on the Queens Hospital Project, and (2) the 2010 direct withholding and 2013 cross-withholding for prevailing-wage violations on the Staten Island Project. Assuming without deciding that TADCO has a property interest in payment for work properly performed under its contracts

---

[2] The DASNY defendants (DASNY and Dennis Monahan) argue that they are not the relevant actors for the procedural due process claim, since TADCO's contentions relate only to DOL. Because we conclude that TADCO has not stated an adequate procedural due process claim in any event, we do not address this argument.

3

with DASNY, we agree with the District Court that no procedural due process violations occurred.

TADCO was not entitled to a hearing on the 2007 records withholding because the procedure for implementing a records withholding itself satisfies due process, and because TADCO does not dispute that it failed to maintain or produce the required records in violation of both the Labor Law and its contracts with DASNY. Without a factual dispute, any hearing would have been meaningless. Nor was TADCO deprived of due process as a result of the defendants' four-year delay in providing an administrative hearing on the 2010 and 2013 withholdings for violations on the Staten Island Project. See Lujan v. G & G Fire Sprinklers, Inc., 532 U.S. 189, 197 (2001); see also Oneida Indian Nation of New York v. Madison Cty., 665 F.3d 408, 427 n.13 (2d Cir. 2011). An administrative hearing for a prevailing wage withholding is not a constitutional requirement; the availability of a breach of contract suit alone satisfies due process. Lujan, 532 U.S. at 197. In this case, TADCO does not dispute that it could have sued for breach of contract, mandamus relief, or relief under Article 78.

TADCO further argues that the District Court erred when it dismissed its

4

substantive due process claim arising out of the investigation into the Queens Hospital project. But TADCO cannot meet the high standard required to prevail on a substantive due process claim, see Cty. of Sacramento v. Lewis, 523 U.S. 833, 840, 846–47 (1998), not least because TADCO was required by law to keep adequate payroll records and to provide them to DOL upon request, see N.Y. Labor Law § 220(3-a)(a)(iii), (3-a)(c). DOL's request that TADCO provide its records does not "shock the conscience." Lombardi v. Whitman, 485 F.3d 73, 81 (2d Cir. 2007); see also Oneida, 665 F.3d at 427 n.13.

As for TADCO's abuse of process claim, we recognize claims under § 1983 only for abuse of criminal process, not abuse of civil process. See Green v. Mattingly, 585 F.3d 97, 104 (2d Cir. 2009). On appeal, TADCO argues that its abuse of process claim should have been construed as arising under State law or that it should have been permitted to amend its complaint to include such a claim. But TADCO did not raise this argument in the District Court, so we do not consider it here.[3] See Mhany Mgmt., Inc. v. Cty. of Nassau, 819 F.3d 581, 615 (2d Cir. 2016).

---

[3] TADCO's conspiracy claim under § 1983 is premised on its claims that the defendants violated an underlying federal constitutional right. See Droz v. McCadden, 580 F.3d 106, 109 (2d Cir. 2009). Because, for the reasons already stated, we affirm the dismissal of those underlying claims, we affirm the dismissal of the conspiracy claim as well.

5

While this appeal was pending, the Commissioner of Labor adopted a report and recommendation finding that TADCO committed prevailing wage violations on the Staten Island Project.   See Appellees' FRAP 28(j) Letter, ECF No. 86.   Because DOL has now concluded its administrative proceeding, we dismiss as moot that part of the appeal concerning TADCO's claims for injunctive relief.

Finally, we conclude that the District Court did not abuse its discretion in denying TADCO's motion for recusal.   No "objective and disinterested observer, knowing and understanding all of the facts and circumstances, could reasonably question [Judge Matsumoto's] impartiality."   SEC v. Razmilovic, 738 F.3d 14, 29 (2d Cir. 2013).

We have considered TADCO's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and the appeal is DISMISSED in part.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

6