UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PETER KLUNE,

               Plaintiff-Appellant,

  v.

PALO VERDE HEALTH CARE
DISTRICT, a public entity; et al.,

               Defendants-Appellees.

No.   15-56918
       16-56385

D.C. No.
5:13-cv-01247-JAK-SP
Central District of California,
Riverside

ORDER

Before:  GOULD, PARKER,[*] and MURGUIA, Circuit Judges.

The memorandum disposition filed on January 10, 2019 is hereby amended.

The superseding amended memorandum will be filed concurrently with this order.

The Petition for Panel Rehearing is DENIED (Dkt. No. 75).  No further

petitions for rehearing or petitions for rehearing en banc will be entertained.

---

[*]     The Honorable Barrington D. Parker, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PETER KLUNE,

    Plaintiff-Appellant,

 v.

PALO VERDE HEALTH CARE
DISTRICT, a public entity; et al.,

    Defendants-Appellees.

No. 15-56918
   16-56385

D.C. No.
5:13-cv-01247-JAK-SP

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted November 15, 2018
Pasadena, California

Before: GOULD, PARKER,[**] and MURGUIA, Circuit Judges.

This case arises out of the termination of Peter Klune as Chief Executive

Officer ("CEO") of Palo Verde Hospital. On appeal, Klune challenges (1) the

entry of summary judgment in favor of Defendants on Klune's § 1983 claim of a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Barrington D. Parker, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

property interest in continued employment; (2) the entry of summary judgment in favor of Defendants on Klune's § 1983 claim of a property interest in his severance payment; (3) the entry of summary judgment in favor of Defendants on Klune's § 1983 claim of a liberty interest in his continued employment; (4) the imposition of time limits on the trial; (5) the District Court's calculation of damages on Klune's successful breach of contract claim; (6) the District Court's calculation of attorneys' fees awarded to Klune; and (7) the District Court's determination that each party would bear its own costs. We reverse the District Court's entry of judgment as to the amount of damages on Klune's contract claim and affirm the District Court in all other respects.

PROPERTY INTEREST IN CONTINUED EMPLOYMENT

As the CEO of a California local hospital district, Klune was an at-will employee with no property right to his continued employment. *See* Cal. Health & Safety Code § 32121(h). While an employment contract can create such a right, Klune's contract did not. Instead, it stated that Palo Verde Health Care District ("PVHD") "may terminate [Klune's] employment at will" provided that PVHD pays severance to Klune. 3 Excerpts of Record 712. While the contract provided for an employment term of three years, that term was, by the express language of the contract, subject to termination by either party at any time. 3 Excerpts of Record 711-12. Accordingly, Klune had no property interest in his continued

2

employment which would support a due process right to notice and a hearing prior to his termination. We affirm the District Court's dismissal of this claim.

## PROPERTY INTEREST IN SEVERANCE PAYMENT

While contracts can create constitutionally protected property interests, Klune's employment contract did not do so with respect to his severance payment. The District Court appropriately dismissed this claim on the basis that it "was essentially one for breach of contract and included no complaint that a separate injury was caused by the procedural inadequacy of the state's treatment." *San Bernardino Physicians' Servs. Med. Grp., Inc. v. San Bernardino Cty.*, 825 F.2d 1404, 1408 n.3 (9th Cir. 1987); *see also Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189, 196 (2001). We affirm the District Court's dismissal of this claim.

## LIBERTY INTEREST IN CONTINUED EMPLOYMENT

Klune fails to point to any stigmatizing statements made by Defendants in connection with his termination. While he claims that Defendants stated he was complicit in an illegal kickback agreement, the evidence does not support this contention. Instead, the evidence cited by Klune shows only that Defendants stated Klune was aware of and did not object to an employment arrangement between two doctors at the hospital. Because Klune has failed to point to a statement stigmatizing him by Defendants, his claim fails. *See Bd. of Regents of*

3

*State Colls. v. Roth*, 408 U.S. 564, 573 (1972); *Kramer v. Cullinan*, 878 F.3d 1156, 1162 (9th Cir. 2018).

TRIAL TIME LIMITS

We review trial management issues for an abuse of discretion. *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1507 (9th Cir. 1995). As an initial matter, Defendants claim that Klune has waived appellate review of the time limits set for trial because he failed to object at the final pretrial conference when they were imposed. However, we will assume that Klune sufficiently preserved the issue by requesting additional time for cross-examination. *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (issue must be "raised sufficiently for the trial court to rule on it" to be preserved for appeal) (quoting *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992)).

Here, we affirm the District Court's management of trial because its actions were reasonable in the context of the proceeding viewed in its entirety. *See Gen. Signal. Corp.*, 66 F.3d at 1508. First, the District Court provided clear notice to both parties of its time limitations. Second, the District Court provided Klune with notice during the trial as to the remaining time. Third, the District Court reasonably accommodated Klune after his time had expired. After Klune ran out of time for the cross-examination of two witnesses, the District Court allowed Klune to submit extensive excerpts from the lengthy deposition testimony of those

witnesses. The District Court also allowed the parties to submit closing briefs in lieu of closing oral arguments. In the context of a bench trial, we find these accommodations to be reasonable in a case where the parties had devoted enormous amounts of time, money, and acrimony litigating a case that largely turned on the interpretation of two provisions in an employment contract.

Because Klune had adequate notice of the time limitations, received repeated warnings throughout trial, and was allowed to examine the witnesses at great length during their depositions and to submit that testimony to the court, Klune failed to show prejudice. Accordingly, we affirm the District Court's time management decisions.

CONTRACT DAMAGES

We review *de novo* whether the District Court applied the correct legal standard to compute damages. *Ambassador Hotel Co. v. Wei-Chuan Inv.*, 189 F.3d 1017, 1024 (9th Cir. 1999). It is undisputed that, pursuant to Klune's employment contract, he was entitled to 12 months' compensation as severance pay in the event he was terminated without cause. It is also undisputed that Klune's annual compensation at the time of his termination, including deferred compensation, was $476,998.

California law limits "the maximum cash settlement that an employee may receive" upon termination "to the monthly salary of the employee multiplied by the

5

number of months left on the unexpired term of the contract." Cal. Gov't Code § 53260(a).[1] This is the "maximum amount[] that may be paid by a local agency employer to an employee." Cal. Gov't Code § 53260(c); *see also Page v. MiraCosta Cmty. Coll. Dist.*, 102 Cal. Rptr. 3d 902, 915 (Cal. Ct. App. 2009) ("Thus, depending on the number of months remaining on the unexpired term of the employee's contract, the employer and employee are entitled to negotiate a cash settlement of any amount up to the specified maximum."). Under California law, "[t]he cash settlement specified in Section 53260 shall not include any other noncash items except health benefits . . . ." Cal. Gov't Code § 53261.

At the time of his termination, Klune had 13 months remaining on his contract and his monthly base salary was $36,720.67. Accordingly, pursuant to § 53260(a), the maximum cash settlement that Klune could have received was $477,368.71. This cap exceeds the amount due under the contract, which was $476,998. Accordingly, the proper amount of Klune's contract damages was $476,998.

In calculating Klune's contract damages, the District Court excluded $36,350 from the award, which is the amount of Klune's deferred compensation. The District Court either determined that deferred compensation was a noncash

---

[1] The statute contains an additional limitation of 18 months' salary if the remaining contract term exceeds 18 months. Cal. Gov't Code § 53260(a)(1). However, that limitation does not apply here, as Klune had 13 months remaining on his contract.

benefit excluded by § 53261 or interpreted § 53260 to prevent an employee of a local government agency from receiving a settlement amount calculated on any basis other than multiplying the employee's monthly base salary by some number of months. In either case, the District Court erred. Accordingly, we reverse in part and remand with instructions to amend the judgment to add $36,350 to Klune's contract damages, which is the amount of deferred compensation. We also direct the District Court to calculate and award the appropriate amount of pre-judgment interest on that amount from the date of Klune's termination.

## ATTORNEYS' FEES

Fee awards in California contract cases are reviewed for an abuse of discretion. *PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 828 (9th Cir. 2018). Here, the District Court based its award on its extensive understanding of the case and of the tactics of the attorneys, developed over 25 months of litigation. The District Court considered the nature of the action and the effort required to litigate it, and the recovery sought and received. The Court also considered the importance of the specific claim upon which Klune prevailed within the context of the entire litigation, the complexity of that claim, and the discovery addressed to the claim.

The District Court, as required by California law, began with the lodestar amount and reduced the claimed work hours to an amount it concluded was

7

appropriately tailored to the one claim upon which Klune prevailed. While the amount awarded was considerably less than Klune applied for, we do not find an abuse of discretion. Accordingly, we affirm the District Court's award of attorneys' fees.

## AWARD OF COSTS

We review a denial of costs under Federal Rule of Civil Procedure 54(d)(1) for an abuse of discretion. *Ass'n of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 592 (9th Cir. 2000). Klune's challenge to the District Court's 54(d)(1) determination is without merit. Out of all the claims originally filed by Klune, he prevailed only on one. In a case such as this with a mixed judgment, a district court is entitled to require that each party bear its own costs. *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996), *as amended* (Jan. 15, 1997). Accordingly, we find no abuse of discretion and affirm the District Court's allocation of costs.

Each party to bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**